959 So.2d 562 (2007)
Unisa A. IGWIKE
v.
MEMORIAL MEDICAL CENTER, Dr. William F. Von Almen, II and Louisiana Patient Compensation Fund (PCF 2003-02003).
No. 2006-CA-0167.
Court of Appeal of Louisiana, Fourth Circuit.
May 23, 2007.
Pius A. Obioha, Law Offices of Pius A. Obioha & Associates, LLC, Baton Rouge, LA, for Appellant, Unisa A. Igwike.
David A. Woolridge, Jr., Carlton Jones, III, Roedel, Parsons, Koch, Blache, Balhoff & McCollister, A.L.C., Baton Rouge, LA, for Appellee, Patient's Compensation Fund Oversight Board and Patient's Compensation Fund.
(Court composed of Judge JAMES F. McKAY, III, Judge DAVID S. GORBATY, Judge LEON A. CANNIZZARO, Jr.).
LEON A. CANNIZZARO, Jr., Judge.
The appeal in this case arises in connection with a medical malpractice claim by the plaintiff, Unisa A. Igwike. At issue is the trial court's interpretation of La. R.S. 40:1299.47(A)(c)-(d), regarding when *563 either a filing fee or the documentation required for a waiver of the filing fee must be received in order for a request for a medical review panel to be valid. We affirm the trial court judgment and find that the deadline established in La. R.S. 40:1299.47(A)(c)-(d) was not met.

FACTS AND PROCEDURAL HISTORY
Pursuant to the Louisiana's Medical Malpractice Act, La. R.S. 40:1299.41 et. seq. (the "Act"), Ms. Igwike's attorney filed a medical malpractice complaint on her behalf in connection with certain alleged acts of malpractice that occurred in connection with the birth of her son on November 7, 2002. The complaint was mailed to the Louisiana Patient's Compensation Fund ("the Fund") with a cover letter dated November 7, 2003. The complaint was received by the Louisiana Division of Administration on November 12, 2003, and by the oversight board for the Fund on November 13, 2003.
The Fund sent a letter, which was dated November 25, 2003, but postmarked December 2, 2003, to Ms. Igwike's attorney. In the letter, the Fund's malpractice insurance director advised the attorney that the request made on behalf of Ms. Igwike for a medical review panel had been received and that Memorial Medical Center and Dr. William F. Von Almen, II were both providers who were qualified under the Act. The letter also advised the attorney that "[i]n accordance with Act No. 961 of the 2003 Regular Session, which amended La. R.S. 40:1299.47.A.(1)(c), effective August 15, 2003, a filing fee of $100 per qualified defendant is due within 45 days from the date of this notice." A filing fee in the amount of $200.00 was requested, and the letter further stated that the filing fee could be waived only if certain documents, as set forth in La. R.S. 40:1299.47(A)(1)(d),[1] were received by the Fund in accordance with the statute. Finally, the letter stated that "failure to comply shall render the request [for a medical review panel] invalid and without effect. . . ."
On January 16, 2004, Ms. Igwike's attorney obtained an In Forma Pauperis Affidavit containing a signed court order authorizing Ms. Igwike to prosecute her malpractice claim in accordance with La. C.C.P. art. 5181[2] without having to pay *564 costs in advance or as they accrue and without having to furnish security. According to Ms. Igwike's attorney, also on January 16, 2004, he mailed the In Forma Pauperis Affidavit to the Fund to satisfy the requirements set forth in La. R.S. 40:1299.47(A)(1)(d)(ii) for a waiver of the filing fee for a medical review panel request. The trial court found, and Ms. Igwike's attorney agreed, that the In Forma Pauperis Affidavit was not received by the Fund until February 3, 2004.
In a letter dated January 28, 2004, the executive director of the Fund advised Ms. Igwike's attorney that he failed either to "remit a filing fee of $200, a physician's affidavit, or a forma pauperis ruling" within the time period specified in La. R.S. 40:1299.47(A)(1)(c)-(d). Therefore, according to the letter, the request for a medical review panel in Ms. Igwike's case would not be considered as filed.
In response to the January 28 letter, Ms. Igwike's attorney wrote a letter, dated January 31, 2004, to the Fund explaining that he did not receive the Fund's letter, dated November 25, 2003, that set forth the requirements for complying with La. R.S. 40:1299.47(A)(1)(c)-(d) until approximately December 15, 2003. The letter to the Fund further explained that the envelope in which the November 25, 2003 letter was mailed was postmarked December 2, 2003. Based on his contention that he had not received the November 25, 2003 letter until approximately December 15, 2003, Ms. Igwike's attorney took the position that the forty-five day period set forth in La. R.S. 40:1299.47(A)(1)(c) had not yet expired when the In Forma Pauperis Affidavit was submitted to the Fund.
In a letter dated March 10, 2004, from the Fund to Ms. Igwike's attorney, the executive director of the Fund explained that because the attorney had not complied with the statutory time limits for filing the In Forma Pauperis Affidavit, no further action could be taken with respect to Ms. Igwike's request for a medical review panel. Ms. Igwike's attorney responded to the March 10 letter in a reply dated March 15, 2004. In the reply, the attorney contended that the Fund had misconstrued the statutory time limits for filing the In Forma Pauperis Affidavit.
The executive director sent a letter dated March 18, 2004, to Ms. Igwike's attorney in answer to his March 15 letter. The executive director of the Fund advised Ms. Igwike's attorney that legal counsel for the Fund had reviewed the contentions that the attorney had raised regarding the timing of the filing of the In Forma Pauperis Affidavit. After the Fund's legal counsel reviewed the contentions of Ms. Igwike's attorney and found them to be without merit, the Fund maintained its original position that the affidavit had not been timely filed.
Ms. Igwike then filed a petition for judicial review of the Fund's decision not to accept her request for a medical review panel. After a hearing, the trial court granted the petition for judicial review. The relief sought was denied, however. Ms. Igwike is now appealing the decision of the trial court to uphold the dismissal of her request for a medical review panel.

DISCUSSION
Standard of Review
The issue in the instant case is a matter of statutory interpretation, which is a matter of law. Cleco Evangeline, LLC v. Louisiana Tax Comm'n, 01-2162, p. 3 (La.4/3/02), 813 So.2d 351, 353. Therefore, this Court is required to conduct a de novo review in determining whether the trial court was legally correct in its interpretation of the statute and its application in the instant case. See id.
*565 Assignment of Error
In Ms. Igwike's brief she contends that the trial court incorrectly interpreted La. R.S. 40:1299.47(A)(1)(c)-(d) to require the filing of the In Forma Pauperis Affidavit within forty-five days from November 25, 2003. That was the date of the Fund's letter to Ms. Igwike's attorney that set forth the requirement that a filing fee, a physician's affidavit, or an in forma pauperis court ruling had to be provided within a forty-five day period. The letter further stated that if the forty-five day period elapsed without the required payment or filing, the request for a medical review panel would not be valid.
Applicable Law
The relevant sections of the Act that are applicable in the instant case are La. R.S.
40:1299.47(A)(1)(c), La. R.S.
40:1299.47(A)(1)(d), La. R.S.
40:1299.47(A)(3)(b), and La. R.S.
40:1299.47(A)(4), all of which were enacted by Act 961 of the 2003 Regular Session of the Louisiana Legislature ("Act 961"), as well as La. R.S. 40:1299.47(A)(3)(a), which was already in effect at the time Act 961 was passed. Section 3 of Act 961 provided that "[t]he provisions of this Act shall not affect claims filed before the effective date of this Act." The effective date of Act 961 was August 15, 2003.[3]
R.S. 40:1299.47(A)(1)(c)
This statute provides that a medical malpractice claimant has forty-five days from the mailing date of the confirmation of the receipt of a request for a medical review panel to pay the required filing fee. The filing fee is specified to be one hundred dollars for each qualified health care provider named as a defendant in a malpractice claim.
La. R.S. 40:1299.47(A)(3)(a)
This statute requires the Fund's oversight board to confirm by certified mail, return receipt requested,[4] to a medical malpractice claimant that the claimant's request for a medical review panel has been officially received. The confirmation must also state whether the defendants named in the claim have qualified under the applicable provisions of the Act.
La. R.S. 40:1299.47(A)(3)(b)
This statute requires the confirmation for which La. R.S. 40:1299.47(A)(3)(a) provides to contain certain notices to the malpractice claimant. The claimant must be notified of the amount of the filing fee that is due and the time frame within which it will be due. The claimant must also be notified that if the filing fee required by La. R.S. 40:1299.47(A) is not paid or if the necessary documents needed to waive the fee are not provided within the specified time frame, the request for a review of a malpractice claim will be "invalid and without effect."
La. R.S. 40:1299.47(A)(1)(d)
This statute sets forth the requirements that must be met for a filing fee to be waived. La. R.S. 40:1299.47(A)(1)(d)(i) provides that a filing fee may be waived upon the timely receipt of an affidavit of a properly licensed physician certifying that adequate medical records have been reviewed and that the malpractice allegations against each defendant health care provider constitute a claim of a breach of *566 the applicable standard of care by the provider. La. R.S. 40:1299.47(A)(1)(d)(ii) further provides that a filing fee may be waived upon the timely receipt of an in forma pauperis ruling issued by a district court in a venue in which the malpractice claim could properly be brought after the medical review panel process has been completed.
La. R.S. 40:1299.47(A)(4)
This statute requires the Fund's oversight board to notify a medical malpractice claimant by certified mail, return receipt requested, regarding the receipt or waiver of the filing fee. If the Fund has not received the filing fee or the documentation required for a waiver of the fee, the claimant must also be notified. La. R.S. 40:1299.47(A)(4)(d).
Legal Analysis
In the instant case, the evidence shows that the November 25, 2003 letter from the Fund that confirmed the receipt of Ms. Igwike's request for a medical review panel was mailed on December 2, 2005. Therefore, under La. R.S. 40:1299.47(A)(1)(c)-(d), Ms. Igwike was required to pay a filing fee, submit a physician's affidavit, or provide an in forma pauperis court ruling to the Fund within forty-five days of the mailing date of the November 25, 2003 letter, which was December 2, 2003.[5] Forty-five days from December 2, 2003, was January 16, 2004. The In Forma Pauperis Affidavit was not mailed to the Fund until January 16, 2004, at the earliest, and it was not received by the Fund until February 3, 2004. Thus, it could not have been received within the applicable time period.[6] Under La. R.S. 40:1299.47(A)(3)(b), Ms. Igwike's request for a review of her malpractice claim was "invalid and without effect."

DECREE
Ms. Igwike's request for a medical review panel is without effect. The judgment of the trial court is hereby affirmed.
AFFIRMED.
NOTES
[1] La. R.S. 40:1299.47(A)(1)(c)-(d), as amended by Act 961 of the 2003 Regular Session of the Louisiana Legislature, read in relevant part as follows:

(c) A claimant shall have forty-five days from the mailing date of the confirmation of receipt of the request for review ... to pay to the board [the oversight board of the Fund] a filing fee in the amount of one hundred dollars per named defendant qualified under this Part.
(d) Such filing fee may be waived only upon receipt of one of the following:
(i) An affidavit of a physician ... certifying that adequate medical records have been obtained and reviewed and that the allegations of malpractice against each defendant health care provider ... constitute a claim of a breach of the applicable standard of care as to each named defendant health care provider.
(ii) An in forma pauperis ruling issued in accordance with Louisiana Code of Civil Procedure Article 5181 et seq. by a district court in a venue in which the malpractice claim could properly be brought upon the conclusion of the medical review panel process.
[2] La. C.C.P. art. 5181 reads in relevant part as follows:

A. Except as provided in Paragraph B [relating to persons who are incarcerated] of this Article, an individual who is unable to pay the costs of court because of his poverty and lack of means may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance or as they accrue or furnishing security therefor.
[3] Act 961 became effective August 15, 2003, pursuant to La. Const. art III, § 19, which provides in relevant part that unless an earlier or later effective date is specified, "[a]ll laws enacted during a regular session of the legislature shall take effect on August fifteenth of the calendar year in which the regular session is held...."
[4] There is no evidence in the record to indicate that the November 25, 2003 letter was sent by certified mail, but this issue was not raised in the trial court or on appeal.
[5] The trial court found that the forty-five day period in La. R.S. 40:1299.47(A)(1)(c) began on November 25, 2003. We, however, find that the forty-five day period must be counted from December 2, 2003, because the mailing date, not the date of the confirmation of the receipt of a request for a medical review panel, is the determinative date under La. R.S. 40:1299.47(A)(1)(c).
[6] Even if the operative date was the date of receipt of the November 25, 2003 letter, which Ms. Igwike's attorney contends was received on December 15, 2003, rather than the date of mailing as provided in La. R.S. 40:1299.47(A)(1)(c), Ms. Igwike's attorney still did not comply with the forty-five day deadline. The In Forma Pauperis Affidavit was not received until February 3, 2004, which was more than forty-five days from December 15, 2003.