WHIPPLE, C.J.
*1159 Plaintiff, Tiffany Anderson, appeals a judgment of the district court affirming the Louisiana Patient's Compensation Fund Oversight Board's determination and declaration that plaintiff's claim was invalid and without effect due to her failure to timely pay the required filing fee, and denying plaintiff's petition for a writ of mandamus. For the following reasons, we reverse and render judgment in favor of plaintiff.
FACTS AND PROCEDURAL BACKGROUND
On June 6, 2016, Tiffany Anderson filed a request for a medical review panel with the Patient's Compensation Fund Oversight Board (PCF Board), alleging malpractice by emergency room doctors at St. Francis Medical Center during her visits to the emergency room on June 5, 6, and 7, 2015. On June 10, 2016, the PCF Board sent a letter to counsel for Ms. Anderson, acknowledging receipt of her June 6, 2016 request and advising that a filing fee of $400.00 ($100.00 per named qualified provider) must be received by the PCF Board within forty-five days of the postmark of the notice, "in accordance with R.S. 40:1231.8(A)(1)(c)." The letter further provided that "[f]ailure to comply shall render the request invalid and without effect and the request shall not suspend the time within which suit must be instituted." The parties do not dispute that the 45-day deadline for payment of the filing fee to the PCF Board was July 25, 2016.
On July 22, 2016, prior to the expiration of the deadline for payment, counsel for Ms. Anderson mailed the filing fee from his Monroe office to the PCF Board's office via certified mail.[1] However, the filing fee was not received by the PCF Board until August 1, 2016, seven days after the 45-day deadline. By correspondence dated July 28, 2016, the PCF Board notified counsel for Ms. Anderson that the filing fee was not received within the time allowed and, therefore, her claim was considered "invalid and without effect." The letter further provided that by copy of the letter, the PCF Board was notifying all involved parties "of this declaration."
On August 25, 2016, Ms. Anderson filed a petition for judicial review and writ of mandamus, requesting that the district court review the PCF Board's decision and render judgment reversing the PCF Board's decision finding her claim invalid and without effect, and ordering the PCF Board to convene a medical review panel.[2]
After a hearing, the district court rendered judgment on April 25, 2017, affirming the PCF Board's determination that Ms. Anderson's claim with the PCF Board *1160 was rendered invalid and without effect for her failure to timely pay the required filing fee, and further denying the mandamus relief requested by Ms. Anderson. Ms. Anderson then filed the instant appeal from the April 25, 2017 judgment.
ANALYSIS
At the time of Ms. Anderson's request for a medical review panel, LSA-R.S. 40:1231.8(A)(1)(c) provided:[3]
A claimant shall have forty-five days from the mailing date of the confirmation of receipt of the request for review... to pay to the board a filing fee in the amount of one hundred dollars per named defendant qualified under this Part.
On appeal, Ms. Anderson argues that the PCF Board has erroneously interpreted this provision to mean that the payment must be received by the PCF Board within the 45-day time period, failing which the claim will be declared "invalid and without effect." Ms. Anderson contends that the mailbox rule should apply, wherein the date of mailing is the determinative date, not the date payment is received by the PCF Board. In support of her argument, Ms. Anderson cites LSA-R.S. 1:60, which provides:
A. Notwithstanding any other provision of law to the contrary, the filing of papers, including but not limited to applications, forms, reports, returns, statements, and filings of any kind with the state, its agencies, boards, and commissions shall be deemed timely in either of the following cases:
(1) The papers are delivered on or before the due date.
(2) The papers are mailed on or before the due date. If the papers are received by mail on the first working day following the due date, there shall be a rebuttable presumption that they were timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof. For purposes of this Section, "by mail" applies only to the United States Postal Service.
Ms. Anderson contends that the filing of a complaint with the PCF Board and the payment of the fee are inexorably joined, as a complaint is not considered filed until the fee is paid and, thus, the mailbox rule as set forth in LSA-R.S. 1:60(A)(2) should govern. Ms. Anderson further notes that LSA-R.S. 40:1231.8(A)(2)(b)[4] establishes *1161 a mailbox rule for the filing of a complaint and, thus, logic dictates that this same rule should apply to the payment of the fee, as both subsections are part of the same statute, citing In re Medical Review Panel of Davis v. Louisiana State University Health Sciences Center-Shreveport, 41,273 (La. App. 2nd Cir. 8/25/06), 939 So.2d 539, 543, writ denied, 2006-2343 (La. 12/8/06), 943 So.2d 1092 (finding that the statute provides a mailbox rule for the filing of the complaint and that accordingly, the same mailbox rule would apply to the 45-day period for paying the fee ).
In response, the PCF Board and intervenor, St. Francis Medical Center, counter that the statute regarding the deadline for payment of the fee is distinct from the provision regarding the deadline for filing a complaint. In support, the PCF Board and St. Francis Medical Center cite In Re Medical Review Proceeding of Benjamin, 14-192 (La. App. 5th Cir. 11/25/14), 165 So.3d 161, writ denied, 2015-0142 (La. 4/10/15), 163 So.3d 814, and contend that the Fifth Circuit correctly interpreted LSA-R.S. 40:1231.8(A)(1)(c) to require that the filing fee must be received by the PCF Board within the 45-day period, not that the filing fee must "simply" be mailed by a claimant within this time period.[5]
However, we note that in its most recent pronouncement on this issue, the Fifth Circuit states that its prior statements in Benjamin concerning this issue were "dicta," and that the mailbox rule should apply when determining the timeliness of filing fees paid to the PCF Board. Specifically, in In re Medical Review Panel Proceedings of Glover, 17-201 (La. App. 5th Cir. 10/25/17) 229 So.3d 655, 662, the Fifth Circuit distinguished its prior opinion in Benjamin, noting the claimants in the case before the court had mailed the filing fees to the PCF Board with valid postage via certified mail within the 45-day period, whereas, in Benjamin, the claimant failed to pay sufficient postage when the fees were originally mailed and when the claimant re-mailed the fees, the payment was returned due to insufficient funds. The Fifth Circuit further stated in Glover that its prior statement in Benjamin, that payment occurs when the filing fees are received by the PCF Board, was dicta. Glover, 229 So.3d at 662. The Fifth Circuit further noted that LSA-R.S. 40:1231.8(A)(1)(c) does not specify whether the term "to pay" requires receipt of the payment or is satisfied by the mailing of the payment within the 45-day time period. The Fifth Circuit concluded that because there are two possible statutory interpretations, the one favoring maintaining the action, as opposed to barring it, must be adopted. Glover, 229 So.3d at 662. Additionally, the court recognized in Glover that because laws on the same *1162 subject matter must be interpreted in reference to each other, the mailbox rule should apply for the payment of fees to the PCF Board, just as it applies to the filing of a medical malpractice complaint. Glover, 229 So.3d at 662. See LSA-C.C. art. 13 ; LSA-R.S. 40:1231.8(A)(2)(b).
The PCF Board argues that this issue has already been litigated in this court, and, if this court deems otherwise, Benjamin and Igwike should be followed in the event this case is deemed to be a matter of first impression for this court.[6]
In the instant case, we find the facts similar and the arguments identical to those presented to the Fifth Circuit in Glover. We further find that the reasoning of the Fifth Circuit in its most recent pronouncement on this issue in Glover is more persuasive than that of the courts in Benjamin and Igwike. Accordingly, we likewise find that the mailbox rule should apply when determining the timeliness of filing fees paid to the PCF Board, pursuant to LSA-R.S. 40:1231.8(A)(1)(c). See also Davis, 939 So.2d at 543. To hold otherwise would mean that, in determining the timeliness of payment, if sent by the claimant via ordinary mail or certified mail to the PCF Board within the 45-day period, as opposed to the claimant appearing and paying in person, could render meaningless and circumvent the 45-day statutory period for payment and render a payment untimely if the Board simply failed to claim or retrieve its mail until after the time period for paying had elapsed. Thus, we find that Ms. Anderson's filing fee was timely paid to the PCF Board, as the record clearly demonstrates that the filing fee was mailed via certified mail, with proper postage affixed, within the required 45-day period. Accordingly, the PCF Board erred in declaring Ms. Anderson's claim invalid and without effect, and the *1163 district court erred in upholding this declaration and in denying Ms. Anderson's petition for writ of mandamus.
CONCLUSION
For the above and foregoing reasons, we hereby reverse the April 25, 2017 judgment of the district court, which denied Ms. Anderson mandamus relief and affirmed the PCF Board's declaration that Ms. Anderson's claim was invalid and without effect for failure to timely pay the filing fee. We hereby grant Ms. Anderson's application for writ of mandamus and order the Louisiana Patient's Compensation Fund Oversight Board to convene a medical review panel in furtherance of her claim in this matter, pursuant to LSA-R.S. 40:1231.8. Costs in the amount of $770.00 are assessed against appellees, the Louisiana Patient's Compensation Fund Oversight Board.
REVERSED AND RENDERED.
McDonald, J. dissents and will assign reasons.

The record contains a copy of the envelope, which is postmarked July 22, 2016. The record also includes the pertinent USPS tracking results, which show that the correspondence was accepted by the postal service in Shreveport on July 22, 2016, arrived in Baton Rouge on July 23, 2016 at 11:29 a.m., notice was left at the "unit" on July 28, 2016, and delivery was made to a PCF Board "agent" on August 1, 2016.

The petition was initially filed in the Fourth Judicial District Court for the Parish of Ouachita, but was thereafter transferred to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, pursuant to LSA-R.S. 13:5104(A).

Although the delays for a claimant to pay the fee previously ran from the date of the Board's mailing of the notice of its receipt, LSA-R.S. 40:1231.8(A)(1)(c) was amended by 2016 La. Acts, No. 275, § 1, effective August 1, 2016, to provide that a claimant shall have 45 days from the date of receipt of the board's confirmation of receipt of the request for review to pay the board a filing fee of one hundred dollars per named defendant.

At the time of Ms. Anderson's request for a medical review panel, LSA-R.S. 40:1231.8(A)(2)(b) provided:
The request for review of a medical malpractice claim under this Section shall be deemed filed on the date of the request stamped and certified by the division of administration or on the date of mailing of the request if mailed to the division of administration by certified or registered mail.
[Emphasis added.]
This subsection was amended by 2017 La. Acts, No. 294, § 1, effective August 1, 2017, to provide:
(b)(i) The request for review of a malpractice claim under this Section shall be deemed filed on the date the request is:
(aa) Sent, if the request is electronically sent by facsimile transmission or other authorized means, as provided by R.S. 9:2615(A), to the division of administration.
(bb) Mailed, if the request is delivered by certified or registered mail to the division of administration.
(cc) Received, if the request is delivered to the division of administration by any means other than as provided by Subitem (aa) or (bb) of this Item.

The PCF Board and St. Francis Medical Center also cite the Fourth Circuit case of Igwike v. Memorial Medical Center, 2006-0167 (La. App. 4th Cir. 5/23/07), 959 So.2d 562. Igwike was decided prior to the 2016 amendments to LSA-R.S.40:1231.8 (as discussed in footnote 3 above), and the issue therein was whether the claimant had to file her in forma pauperis affidavit within forty-five days of the date of the PCF Board's confirmation letter or mailing date of the letter, or within forty-five days of the claimant's receipt of the confirmation letter. Albeit without any discussion of the mailbox rule, the court did state that even if the operative date was December 15, 2003, the date the letter was allegedly received by the claimant, the in forma pauperis affidavit still was not timely, as it "was not received" until February 3, 2004, more than forty-five days from December 15, 2003. Igwike, 959 So.2d at 566, n. 6.

The PCF Board argues in brief that the untimely payment of fees has been litigated in several courts around this state, including this court. However, we disagree with the PCF Board's contention that the particular question or issue before us has been previously considered and addressed by this court. Unlike the cases discussed above in the body of our opinion, the cases cited by the PCF Board from this court do not specifically address what constitutes a timely payment under LSA-R.S. 40:1231.8(A)(1)(c) when the payment is mailed within the required 45-day period, but not received by the PCF Board within the 45-day period. Rather, the cases cited by the PCF address what actions may be taken by the PCF Board where the filing fees clearly and undisputedly were not timely paid. See Latiolais v. Jackson, 2006-2403 (La. App. 1st Cir. 11/2/07), 979 So.2d 489, 493 (finding the district court erred in granting mandamus relief and reinstating claimant's claim, as the PCF Board did not actually dismiss the claimant's claim, but only notified all parties that the filing fee was not paid and that accordingly, the petition was considered as not filed; thus, the board did not overstep its authority); Morris v. Patient's Compensation Fund Oversight Board, 2007-2468 (La. App. 1st Cir. 5/28/08), 991 So.2d 551, 553-555 (finding mandamus relief was not warranted, where claimant's counsel claimed that he was impacted by Hurricane Katrina and was not aware that the filing fee had not been paid, and the PCF Board did not dismiss the claim, but instead merely complied with its ministerial duty to treat the claim as invalid and without effect); See also In re Medical Review Panel Proceedings of Ouder, 2007-1266 (La. App. 1st Cir. 5/2/08), 991 So.2d 58 (finding the claim was prescribed, where the board acknowledged receipt of the request on March 21 and claimant remitted fee on May 25, i.e., only after receiving the board's notice that the claim was invalid and without effect); Hollins v. Glenwood Regional Medical Center, 2008-2593 (La. App. 1st Cir. 6/12/09), 2009 WL 2486941 (unpublished) (finding in a summary disposition opinion that mandamus relief was not warranted where, even giving claimant "every benefit of the doubt" with regard to the filing fee due on January 4, claimant had failed to pay the fee due even by the latest date, and so concluding therein with no discussion in the opinion regarding when the fee was mailed as compared to when received by the PCF Board as related to the January 4th deadline.)