FREDERICKA HOMBERG WICKER, Judge.
 

 12This is a worker’s compensation proceeding. At issue is claimant-appellant James Neese’s eligibility for supplemental earnings benefits and temporary total disability benefits. Mr. Neese and Papa John’s Pizza appeal a judgment of the trial court granting an exception of prescription in favor of Franklin Electrofluid Company, Inc., and Amerisure Mutual Insurance Company. On appeal, Mr. Neese and Papa John’s contend that the trial court erred in granting the exception. For the reasons that follow, we affirm the judgment of the trial court insofar as it granted the exception of prescription as to Mr. Neese’s eligibility for temporary total disability benefits. We reverse the judgment
 
 *324
 
 of the trial court insofar as it [ granted the exception of prescription as to Mr. Neese’s eligibility for supplemental earnings benefits benefits. We additionally remand this matter for the trial court to consider the merits of Mr. Neese’s claim that he is eligible for supplemental earnings benefits. In addition, we grant Amerisure’s motion to dismiss Papa John’s appeal, and grant Papa John’s motion to file an amicus curiae brief.
 

 FACTS AND PROCEDURAL HISTORY
 

 In 2006, Franklin employed Mr. Neese as a shipping clerk and laborer. On May 30, 2006, Mr. Neese was working in Franklin’s warehouse in Harahan, Louisiana. On that date, while in the course and scope of his employment, Mr. Neese attempted to lift an 80-pound box, during which he allegedly strained and injured his lower back. Mr. Neese thereafter dropped the box on his left foot, which caused him further injury. Mr. Neese reported the incident to his supervisor immediately and was taken to the hospital by a Franklin employee. Mr. Neese’s supervisor also immediately filled out an accident report detailing the circumstances of Mr. Neese’s accident.
 

 At the time of Mr. Neese’s accident, Amerisure was Franklin’s worker’s compensation insurer. Amerisure paid Mr. Neese $524.00 monthly in temporary total disability worker’s compensation benefits from May 30, 2006 until July 11, 2006.. On July 11, 2006, Mr. Neese returned to work for Franklin. The stop payment form that an Amerisure representative executed on July 11, 2006 indicated that Mr. Neese was “working at equal or greater wages” when he returned to work for Franklin. Mr. Neese contends that upon his return to Franklin, he was working at a “slightly reduced” salary but agrees that he was earning more than ninety percent of his original income there. Mr. Neese continued to work for Franklin until November 7, 2006, at which time he voluntarily terminated his employment with the company. Mr. Neese’s last Franklin wages were paid on 14November 17, 2006, in the amount of $620.84. In his deposition, Mr. Neese testified that he terminated his employment with Franklin because he had to move into his grandfather’s home in Baton Rouge due to his then-recent divorce. Mr. Neese further testified that he was not thereafter able to commute between Baton Rouge and Franklin’s warehouse in Harahan because of his May 30, 2006 injury.
 

 Mr. Neese thereafter began working as a shipping clerk at a Baton Rouge window framing company in late November 2006. He allegedly was unable to perform his assigned duties at the window framing company due to continuing physical difficulties incurred in the accident while working for Franklin. During his brief tenure at the Baton Rouge framing company, Mr. Neese did not receive any worker’s compensation benefits from Amerisure. Mr. Neese began working at Papa John’s as a pizza delivery driver in December 2006.
 

 While in the course and scope of his employment with Papa John’s on December 9 or 10, 2007, Mr. Neese was involved in an automobile accident.
 
 [1]
 
 The accident allegedly caused an aggravation of the lower back injury Mr. Neese incurred while working for Franklin. Mr. Neese after-wards voluntarily terminated his employment with Papa John’s. He filed a disputed claim for compensation against Papa John’s on December 1, 2008. Papa John’s filed a cross-claim against Franklin and Amerisure on July 15, 2009, the merits of which are discussed below.
 

 
 *325
 
 After the December 9/10 accident, the Amerisure adjuster who handled Mr. Neese’s claim against Franklin issued a check to Mr. Neese. The check was issued on January 30, 2008 in the amount of $1,529.25. Mr. Neese contends that the check was issued as payment for temporary total disability benefits that had accrued from July 2006. Amerisure and Franklin contend that Mr. Neese was not | ^entitled to any further worker’s compensation benefits and that the check was sent in error.
 

 Mr. Neese filed a disputed claim for compensation against Franklin on April 9, 2008. Franklin and Amerisure subsequently filed an exception of prescription. At the hearing on the exception, counsel for Amerisure and Franklin asserted that Mr. Neese’s claims were prescribed because more than one year had elapsed between Amerisure’s last payment to Mr. Neese and the date on which Mr. Neese filed his disputed claim for compensation against Franklin. Counsel for Franklin additionally asserted that the January 30, 2008 check was sent to Mr. Neese in error. Counsel for Mr. Neese contended that Mr. Neese’s disputed claim for compensation was not prescribed because Mr. Neese was eligible for supplemental earnings benefits (SEB), which must be filed three years from the last payment of benefits, rather than one year from the date of injury or last payment of benefits. Alternatively, counsel for Mr. Neese argued that the January 30, 2008 check Mr. Neese received restarted the one-year prescriptive period applicable to temporary total disability benefit payments.
 

 At the conclusion of the hearing, the trial court took the exception under advisement. By judgment dated September 16, 2009, the trial court granted Franklin’s exception of prescription.
 
 [2]
 
 The judgment states only that the exception was granted. Neither the judgment nor the trial court’s reasons for judgment contain any discussion Mr. Neese’s entitlement to SEB benefits. The trial court’s reasons for judgment speak only to the TTD one-year prescriptive period, noting that as to TTD, the claim is prescribed on the face of the petition. The court mailed notice of signing of judgment on September 16, 2009.
 

 J^CROSS-CLAIM: ADDITIONAL FACTS AND PROCEDURAL HISTORY
 

 On July 15, 2009, Papa John’s filed a cross-claim against Franklin and Ameri-sure. In the cross-claim, Papa John’s contended that if the court determined that the December 9/10 accident was found to have caused Mr. Neese greater disability, it would be entitled to a one-half contribution from Franklin and Amerisure under the principles of solidary liability.
 

 After the September 16 judgment, Papa John’s entered into a consent judgment with Mr. Neese. Papa John’s agreed to pay a lump sum of $20,000 to Mr. Neese and to pay Mr. Neese $194.14 per week “until such time as those benefits can be reduced and/or terminated under the Louisiana Workers’ Compensation Act.” Papa John’s also agreed to pay for lumbar surgery as recommended by Mr. Neese’s doctor and to pay for any “subsequent medically necessary treatment for recovery for that surgery.” Papa John’s specifically reserved the right to “pursue any claims against Franklin ... and its insurer, Am-erisure ... for any workers’ compensation benefits, contribution ... for any amounts which may be due and owing to James
 
 *326
 
 Neese and/or Papa John’s Pizza from Franklin ... and its insurer, Amerisure.”
 

 MOTION TO DISMISS PAPA JOHN’S APPEAL
 

 On February 3, 2010, Papa John’s filed a Motion for Appeal and Supplementation of Record. We note that neither the judgment granting the exception of prescription nor the reasons for judgment explicitly mention Papa John’s. We additionally note that Papa John’s never filed a pleading addressing the issues contained in Franklin and Amerisure’s exception of prescription. 17However, a person need not have a judgment rendered directly against him in order to appeal that judgment, rather, one who is “aggrieved” by the judgment may appeal the judgment.
 
 Brock v. Tidewater Construction Company,
 
 318 So.2d 100, 102 (La.App. 3d Cir. 1975) (citations omitted);
 
 see also by analogy
 
 La.C.C.P. art. 2086. Papa John’s was aggrieved by the judgment because it lost its right to contribution from Mr. Neese as a result of the judgment. Papa John’s, therefore, has a right to appeal the judgment.
 

 After Papa John’s filed its motion for appeal, Amerisure and Franklin filed a motion to dismiss Papa John’s appeal as untimely.
 

 La. R.S. 23:1310.5 provides in pertinent part:
 

 B. The decision of the workers’ compensation judge shall be final unless an appeal is made to the appropriate circuit court of appeal. An appeal which suspends the effect or execution of an ap-pealable judgment or order must be filed within thirty days. An appeal which does not suspend the effect or execution of an appealable judgment or order must be filed within sixty days. The delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment as required by Louisiana Code of Civil Procedure Article 1913, whichever is later. Motions for new trial shall be entertained in disputes filed under this Chapter. The delay for filing an appeal when a motion for new trial has been filed shall be governed by the Louisiana Code of Civil Procedure.
 

 A timely motion for a new trial suspends the running of the 30- or 60-day period for suspensive and devolutive appeals, respectively. La.C.C.P. arts. 2087(A), 2087(C), 2123(A), 2123(B). Whenever one or more parties file post-judgment motions, the delay periods for appealing commence for ah parties at the time delays commence for the party whose post-judgment motion is last to be acted on by the trial court. La.C.C.P. arts. 2087(C), 2123(B). If a new trial is not timely applied for, the 30- and 60-day periods begin to run after the expiration of the delay for filing a motion for a new trial. La.C.C.P. art. 1974.
 

 |8We find that Papa John’s appeal in this matter was untimely. No motion for new trial was filed in this matter, thus, the delay for filing an appeal began on the day after the district workers compensation office mailed the notice of judgment, or September 17, 2009. Papa John’s Motion for Appeal and Supplementation of Record was filed 139 days later. Accordingly, we grant the motion to dismiss Papa John’s appeal as untimely.
 

 By our order dated April 13, 2010, we granted Papa John’s Motion to Convert Appellate and Reply Brief of Papa John’s Pizza to an Amicus Curiae Brief If this Honorable Court Finds the Appeal of Papa John’s Pizza to be Untimely. Thus, we will treat Papa John’s reply brief as an amicus curiae brief pursuant to Uniform Rules, Courts of Appeal Rule 2-12.11, and
 
 *327
 
 we have considered the arguments raised therein.
 

 EXCEPTION OF PRESCRIPTION
 

 Mr. Neese argues that the trial court erred in granting the exception for two reasons. First, Mr. Neese contends that the trial court erred in finding that he was not eligible for supplemental earnings benefits (SEB) because less than three years elapsed between the last payment of benefits and the filing of the disputed claim for compensation against Franklin. Second, Mr. Neese contends that the trial court erred in finding that he was not eligible for total temporary disability benefits (TTD) because less than one year elapsed between the issuance of the January 30, 2008 check and the filing of the disputed claim for compensation against Franklin.
 

 Supplemental Earnings Benefits
 

 Mr. Neese correctly asserts that less than three years have elapsed between the last payment of benefits and the filing of the disputed claim for compensation against Franklin on April 9, 2008. Mr. Neese contends that this establishes his 13claim for SEB payments, therefore, has not prescribed and that the trial court erred in holding otherwise. We agree.
 

 La. R.S. 23:1209 pertinently provides:
 

 A. (1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. (2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
 

 (emphasis added)
 

 La. R.S. 23:1221(3) addresses SEB payments. La. R.S. 23:1221(3) pertinently provides:
 

 For injury resulting in the employee’s inability to earn wages equal to ninety percent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis. Average monthly wages shall be computed by multiplying his “wages” by fifty-two and then dividing the quotient by twelve.
 

 Read together, La. R.S. 23:1209(A) and La. R.S. 23:1221(3) provide that worker’s compensation claims are barred unless filed within: (1) one year from the date of the accident or death of the claimant; (2) one year from the date of the last compensation payment; or (3) three years from the date of the last payment where the payment sought is an SEB payment.
 

 |1ftAn injured worker is entitled to SEB when the employee’s injury results in his or her inability to earn wages equal to ninety percent or more of the wages he was earning at the time of the injury. La.
 
 *328
 
 R.S. 23:1221(3);
 
 see also Forbes v. Metropolitan Developmental Center,
 
 09-901 (La. App. 5 Cir. 3/9/10), 35 So.3d 377, 383. The burden of proving that a suit has prescribed rests with the party pleading prescription unless the plaintiffs petition shows on its face that the prescriptive period has run.
 
 Tuazon v. Eisenhardt,
 
 98-666 (La.App. 5 Cir. 12/16/98), 725 So.2d 553, 555. The manifest error standard of review governs the review of an SEB claim.
 
 Town of Basile v. Clark,
 
 99-1261 (La.App. 3 Cir. 5/31/00), 769 So.2d 591, 595,
 
 writ denied,
 
 00-2002 (La.10/27/00), 772 So.2d 124 (citation omitted).
 

 We find that the trial court erx-ed in granting the exception of prescription as to Mr. Neese’s SEB claims. In this case, the petition does not show on its face that the three-year prescriptive period applicable to SEB claims has run; the last payment of benefits was in July 2006 and the disputed claim for compensation was filed in April 2008. Franklin and Amerisure have not met their burden of proving that Mr. Neese’s SEB claims have prescribed. Accordingly, we reverse the judgment of the trial court, insofar as the judgment granted the exception of prescription as to Mr. Neese’s claim for SEB benefits.
 

 Temporary Total Disability Payments
 

 In its second argument to this Court, Mr. Neese contends that the trial court erred in failing to find that a “one year prescriptive period for TTD benefits is interrupted by a TTD payment made over year after TTD benefits were initially [sic] terminated.” Amerisure sent the January 2008 check to Mr. Neese more than one year after its final TTD payment in 2006. At the time Amerisure sent the check to Mr. Neese, therefore, Mr. Neese’s TTD claim against Franklin and |nAmerisure had prescribed. Mr. Neese contends that the January 2008 check was the “last payment” for the purposes of La. R.S. 23:1209(A)(2) and that the check restarted the one-year prescriptive period applicable to TTD claims. Although not explicitly stated, Mr. Neese suggests two theories by which the prescriptive period restarted: (1) Amerisure acknowledged that it owed a debt by mailing the check and (2) Ameri-sure renounced prescription by mailing the check.
 

 Jurisprudence has recognized three theories upon which a plaintiff may rely to establish that prescription has not run; suspension, interruption and renunciation.
 
 See, e.g., Lima v. Schmidt,
 
 595 So.2d 624, 628 (La.1992). Acknowledgement is one method of interrupting prescription. Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La.C.C. art. 3464. The Louisiana Supreme Court has noted that La.C.C. art. 3464 does not require any particular form for an acknowledgement to be effective.
 
 Flowers v. United States Fid. & Guar. Co.,
 
 381 So.2d 378, 380 (La.1979) (discussing La.C.C. art. 3520, the predecessor article to La.C.C. art. 3464). Nor does it require a determined amount certain.
 
 Id.
 
 It is required only that the right of the obligee be recognized by the acknowledgment of the obligor.
 
 Id.
 

 It is well settled that interruption of prescription can only occur during the prescriptive period. Put differently, once prescription has accrued, it can no longer be interrupted by acknowledgement. However, once prescription has run, it may be renounced. La.C.C. art. 3449. “Renunciation of prescription” is the technical term designating the abandonment of rights derived from an accrual of prescription.
 
 Id.
 
 at comment (c). That is, renunciation of prescription destroys the effect of prescription that has already run.
 
 See
 
 Lima, 595 So.2d at 631.
 

 112A defendant may not renounce prescription prior to its accrual.
 
 *329
 
 La.C.C. art. 3449 at comment (b). Renunciation of prescription may be express or tacit. La.C.C. art. 3450. In addition, renunciation must be “clear, direct, and absolute and manifested by words or actions of the party in whose favor prescription has run.”
 
 Lima,
 
 595 So.2d at 631 (quoting
 
 Queen v. W. & W. Clarklift, Inc.,
 
 537 So.2d 1214 (La.App. 4th Cir.1989)). The mere acknowledgment of a debt is not sufficient to renounce an acquired prescription; there must be a new promise made to pay the debt.
 
 See, e.g., Slaughter v. Arco Chemical Co.,
 
 2005-0657 (La.App. 4 Cir. 4/26/06), 931 So.2d 387, 392 (citations omitted). After a claim has prescribed, one may acknowledge a debt, and even pay part of it, without renouncing the prescription acquired on it.
 
 Id.
 
 (citing
 
 Succession of Slaughter,
 
 108 La. 492, 32 So. 379 (La. 1902)).
 

 In this case, Mr. Neese voluntarily terminated his employment with Franklin on November 7, 2006. Franklin last paid TTD benefits in July of 2006. Mr. Neese had one year from that date to file a disputed claim for compensation as to the TTD benefits. When Mr. Neese failed to do so, his claims against Franklin and Amerisure prescribed, thus, interruption and acknowledgment no longer applied to his TTD claims at that point. Furthermore, Mr. Neese cannot contend that Am-erisure or Franklin renounced prescription. There is no evidence in the record that Amerisure or Franklin intended the January 2008 check to be a new promise to pay TTD benefits or that Franklin or Am-erisure clearly and directly intended to renounce prescription. There is no language in the check that could be construed as a new promise to pay Mr. Neese on Franklin or Amerisure’s part. Accordingly, we find that the trial court was correct in its determination that Mr. Neese was not entitled to TTD payments. We affirm the judgment of the trial court, insofar as the | judgment granted the exception of prescription as to Mr. Neese’s claim for TTD payments.
 

 CONCLUSION AND DECREE
 

 For the foregoing reasons, we grant Franklin and Amerisure’s motion to dismiss Papa John’s’ appeal. We grant Papa John’s leave to file an amicus curiae brief. The trial court’s grant of Franklin and Amerisure’s peremptory exception of prescription is reversed with regard to Mr. Neese’s claim for supplemental earnings benefits, but it is affirmed as to his claim for total temporary disability benefits. This matter is remanded to the trial court for consideration of Mr. Neese’s claim that he is eligible for supplemental earnings benefits.
 

 MOTION TO DISMISS GRANTED; AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
 

 [1]
 

 . It is not clear from the record whether the accident occurred December 9 or 10.
 

 [2]
 

 . The trial court had originally rendered judgment on August 28, 2009. However, the trial court issued an amended judgment on September 16 to correct a clerical error in the August 28 judgment.