GAIL RUFFINS

VERSUS

HAZA FOODS OF LOUISIANA, LLC

NO. 21-CA-619

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 808-483, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

May 25, 2022

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Robert A. Chaisson

**AFFIRMED**
    **JGG**
    **SMC**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
GAIL RUFFIN
    DaShawn P. Hayes

COUNSEL FOR DEFENDANT/APPELLEE,
HAZA FOODS OF LOUISIANA, LLC
    Dean M. Arruebarrena
    Misha M. Logan
    Alexander B. Johnson
    Megan A. Haynes

**GRAVOIS, J.**

In this slip and fall case, plaintiff, Gail Ruffins, appeals the trial court's March 2, 2021 judgment which granted the peremptory exception of prescription filed by defendant, HAZA Foods of Louisiana, L.L.C. ("HAZA Foods"), and dismissed plaintiff's claims against defendant with prejudice. On appeal, plaintiff argues that the trial court erred in finding her suit prescribed because defendant renounced the accrual of prescription and because the doctrine of *contra non valentem* applied to suspend prescription. For the following reasons, finding no merit to plaintiff's arguments, we affirm.

## FACTS AND PROCEDURAL HISTORY

The underlying facts in this case are not in dispute. On June 10, 2019, Ms. Ruffins filed a petition for damages in Civil District Court for the Parish of Orleans against HAZA Foods, operator of Wendy's #204. In her petition, Ms. Ruffins alleged that on or about June 22, 2018, while she was a patron at "Wendy's #204, located at 1129 S. Clearview Parkway, New Orleans, LA," she slipped and fell on a liquid substance on the floor. On July 8, 2019, HAZA Foods was served with the petition for damages.

On August 26, 2019, HAZA Foods filed an exception of improper venue, arguing that Orleans Parish had no connection to the litigation. HAZA Foods argued that the subject Wendy's is located in Jefferson Parish and requested that the matter be transferred to Jefferson Parish. On November 14, 2019, Ms. Ruffins consented to the grant of the exception of improper venue and the transfer of the matter to the proper venue. On that same date, the Orleans Parish Civil District Court granted the exception and transferred the matter to the 24th Judicial District Court for the Parish of Jefferson. On June 22, 2020, the Clerk of Court for the 24th Judicial District Court sent notice of receipt of the transfer and stated that the suit would be filed and assigned a case number upon receipt of payment of the requisite

fees. On July 22, 2020, the Clerk of Court for the 24th Judicial District Court notified the parties that the case was transferred and assigned a case number. On September 16, 2020, HAZA Foods filed its answer to the petition for damages.

On November 20, 2020, HAZA Foods filed a peremptory exception of prescription, alleging that Ms. Ruffins' claims were prescribed because the suit was initially filed in an improper venue and prescription was not interrupted since HAZA Foods was not served with the petition within one year of the date of the incident.

Ms. Ruffins filed an opposition to the exception. Therein, she argued that HAZA Foods renounced the accrual of prescription when it did not timely file its responsive pleadings after being properly served, when it continued litigating the matter in Orleans Parish by conducting discovery, and because it waited a year to file its exception of prescription. She also argued that the doctrine of *contra non valentem* applied in this matter because the subject Wendy's location was misrepresented on Wendy's website. In support, Ms. Ruffins attached as an exhibit to her opposition a printout from Wendy's website, which listed the address for the subject Wendy's as "1129 Clearview Pkwy, New Orleans, LA 70121."

On February 5, 2021, the parties argued the merits of the exception of prescription and introduced exhibits in support of their arguments. At the end of the hearing, the trial court granted the exception. In oral reasons for judgment, the trial court found there was no evidence that HAZA Foods renounced prescription and the facts did not support the application of *contra non valentem*. The trial court acknowledged that the Wendy's address listed on its website did say "New Orleans," but found that "Clearview's not even close to the parish line, so I don't think there's any confusion that this Wendy's is, in fact, in Jefferson Parish." On March 2, 2021, the trial court signed a written judgment granting the peremptory

exception of prescription and dismissing Ms. Ruffins' claims against HAZA Foods with prejudice.[1] This appeal followed.

## LAW AND ANALYSIS

An exception of prescription is a type of peremptory exception. The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by the effect of law, and hence this exception tends to dismiss or defeat the action. *Farber v. Bobear*, 10-0985 (La. App. 4 Cir. 1/19/11), 56 So.3d 1061, 1069, citing La. C.C.P. arts. 927 and 923, respectively.

Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception, including prescription. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. When a cause of action is prescribed on its face, the burden is upon the plaintiff to show that the running of prescription was suspended or interrupted in some manner. *Woods v. Cousins*, 12-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 979, *writ denied*, 12-2452 (La. 1/11/13), 107 So.3d 617 (internal citations omitted); *In re Singleton*, 19-578 (La. App. 5 Cir. 9/2/20), 303 So.3d 362, 366-67.

At the trial of a peremptory exception of prescription, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." *Woods*, *supra*, 102 So.3d at 978, citing La. C.C.P. art. 931. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true. *Id*. at 978-79. But the latter principle applies only to properly-pleaded material allegations of fact, as opposed to allegations deficient in material detail, conclusory

---

[1] The judgment also confirmed the trial court's oral rulings during the hearing that all exhibits offered by the parties at the hearing were admitted, except for a printout from the Jefferson Parish Assessor's Office, attached as Exhibit 1 to HAZA Foods's reply memorandum.

factual allegations, or allegations of law. *Id*. at 979, citing *Kirby v. Field*, 04-1898 (La. App. 1 Cir. 9/23/05), 923 So.2d 131, 135.

The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced. *Wells Fargo Financial Louisiana, Inc. v. Galloway*, 17-0413 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800. When no evidence is introduced, appellate courts review judgments sustaining an exception of prescription *de novo*, accepting the facts alleged in the petition as true. *DeFelice v. Federated Nat'l Ins. Co.*, 18-374 (La. App. 5 Cir. 7/9/19), 279 So.3d 422, 426. However, when evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. *Id.*

Delictual actions are subject to a liberative prescriptive period of one year, which commences to run from the date the injury is sustained. La. C.C. art. 3492.

La. C.C. art. 3462 provides:

> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. *If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.*

(Emphasis added.)

In her petition, Ms. Ruffins alleged that she was injured in a slip and fall accident on June 22, 2018; accordingly, under La. C.C. art. 3492, she had one year from that date to file suit. The record indicates that though the petition was filed on June 10, 2019, it was filed in an improper venue—Orleans Parish. It is undisputed that HAZA Foods was not served until July 8, 2019, well after the one-year anniversary date of Ms. Ruffins' accident. Therefore, because HAZA Foods was not served within the prescriptive period, the filing of the suit in the improper venue did not interrupt prescription, and Ms. Ruffins' claims against HAZA Foods prescribed.

***Renunciation of accrual of prescription***

On appeal, Ms. Ruffins argues that the trial court erred in granting the exception of prescription because HAZA Foods renounced any accrual of prescription through its continued litigation of the suit. She contends that after the petition was filed, HAZA Foods did not file its responsive pleadings within 15 days of service of the petition, and instead contacted Ms. Ruffins' counsel to seek an extension, which was granted. Subsequently, HAZA Foods filed its exception of improper venue. The exception did not raise any issue with prescription, and the exception of prescription was not filed until almost a year after the Orleans Parish Civil District Court ordered that the suit be transferred. Further, prior to filing the exception of prescription, Ms. Ruffins alleges that HAZA Foods continued to litigate the matter in Orleans Parish by issuing general personal injury discovery.

Once prescription has run, it may be renounced. La. C.C. art. 3449. "Renunciation of prescription" is the technical term designating the abandonment of rights derived from an accrual of prescription. *Id*. at comment (c). That is, renunciation of prescription destroys the effect of prescription that has already run. *Neese v. Papa John's Pizza*, 10-15 (La. App. 5 Cir. 6/29/10), 44 So.3d 321, 328. Renunciation of prescription may be express or tacit. Tacit renunciation results from circumstances that give rise to a presumption that the advantages of prescription have been abandoned. La. C.C. art. 3450. Louisiana courts have consistently held that renunciation of prescription must be clear, direct, and absolute, and it must be manifested by words or actions of the party in whose favor prescription has run. *Geiger v. State ex rel. Dept. of Health and Hosp*., 01-2206 (La. 4/12/02), 815 So.2d 80, 86, citing *Lima v. Schmidt*, 595 So.2d 624 (La. 1992).

Upon review, we cannot say that the trial court was manifestly erroneous in finding that HAZA Food's filing of its responsive pleadings after seeking an

extension, its failure to address prescription in the exception of improper venue, its filing of the exception of prescription a year after the suit was ordered to be transferred, or its issuance of discovery prior to filing the exception of prescription, show that it intended to abandon its rights derived from an accrual of prescription. An exception of prescription is a peremptory exception, which a defendant may raise at any time, including on appeal or after the close of evidence, but prior to the submission of the case after trial. La. C.C.P. arts. 927 and 928(B). Ms. Ruffins has failed to show that HAZA Foods, by its words or actions, clearly, directly, and absolutely intended to renounce the effects of accrued prescription. *See Geiger*, *supra*. This argument is without merit.

### *Applicability of the Doctrine of Contra non Valentem*

Ms. Ruffins also argues that the doctrine of *contra non valentem* applies in this case since HAZA Foods allegedly misrepresented the location of the subject Wendy's. She argues that on Wendy's website, the address for the subject Wendy's is listed as "1129 Clearview Pkwy, New Orleans, LA 70121." She asserts that she slipped and fell in a Wendy's and did not know before or immediately after the fall that HAZA Foods would be the responsible party. She argues that she relied on this misrepresentation when filing suit in Orleans Parish.

Louisiana jurisprudence has long recognized the doctrine of *contra non valentem* as a means of suspending the running of prescription. *Wells v. Zadeck*, 11-1232 (La. 3/30/12), 89 So.3d 1145, 1150. *Contra non valentem non currit praescriptio* means that prescription does not run against a person who could not bring his suit. *Id*., citing *Harvey v. Dixie Graphics*, *Inc*., 593 So.2d 351, 354 (La. 1992). Generally, the doctrine of *contra non valentem* suspends prescription when the circumstances of the case fall into one of four categories: 1) where there is some legal cause which prevented the court or its officers from taking cognizance of and acting on the plaintiff's actions; or 2) where there is some condition coupled

with the contract or coupled with the proceedings which prevented the plaintiff from suing or acting; or 3) where the defendant has done some act effectually to prevent the plaintiff from availing himself of his cause of action; or 4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. *Tenorio v. Exxon Mobil Corp.*, 14-814 (La. App. 5 Cir. 4/15/15), 170 So.3d 269, 274-75, *writ denied*, 15-1145 (La. 9/18/15), 178 So.3d 149.

Ms. Ruffins relies on the third category of the doctrine of *contra non valentem*—where the defendant has done some act effectually to prevent the plaintiff from availing himself of his cause of action—to argue that prescription was suspended in this case. This category is implicated only when: (1) the defendant engages in conduct which rises to the level of concealment, misrepresentation, fraud, or ill practice; (2) the defendant's actions effectually prevented the plaintiff from pursuing a cause of action; and (3) the plaintiff must have been reasonable in his or her inaction. *Marin v. Exxon Mobil Corp.*, 09-2368 (La. 10/19/10), 48 So.3d 234, 252.

Upon review, we cannot say that the trial court was manifestly erroneous in finding that the doctrine of *contra non valentem* did not apply in this case. Ms. Ruffins submits that the website printout that lists the address of the subject Wendy's as being on Clearview Parkway in "New Orleans" is sufficient proof to defeat the exception of prescription. The trial court apparently found, however, that HAZA Foods did nothing that prevented Ms. Ruffins from conducting further investigation to discover and confirm the parish in which the subject Wendy's is located. As the trial court stated at the hearing, "Clearview's not even close to the [Orleans] parish line." This incorrect website address apparently posted inadvertently by a third party not involved in this litigation surely did not prevent Ms. Ruffins from discovery and confirmation of the proper address of the subject

Wendy's. The evidence simply does not support the claim that HAZA Foods acted in any way to prevent Ms. Ruffins from pursuing her cause of action in the proper venue. Thus, the trial court correctly found that the doctrine of *contra non valentem* is not applicable to the particular facts and circumstances present in this case. This argument is likewise without merit.

## DECREE

For the foregoing reasons, we affirm the trial court's judgment which sustained defendant's peremptory exception of prescription and dismissed plaintiff's claims against defendant with prejudice.

## AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 25, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

## 21-CA-619

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
DASHAWN P. HAYES (APPELLANT)          DEAN M. ARRUEBARRENA (APPELLEE)

**MAILED**
ALEXANDER B. JOHNSON (APPELLEE)
MEGAN A. HAYNES (APPELLEE)
MISHA M. LOGAN (APPELLEE)
ATTORNEYS AT LAW
1100 POYDRAS STREET
SUITE 1700
NEW ORLEANS, LA 70163