# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

MID CITY TOWER, LLC

VERSUS

CERTAIN UNDERWRITERS AT LLOYD'S LONDON,
SUBSCRIBING TO POLICY NO. LA135205,
LLOYD'S, LONDON SYNDICATE NO. 2987,
LLOYD'S, LONDON SYNDICATE NO. 0510,
LLOYD'S, LONDON SYNDICATE NO. 2623,
LLOYD'S, LONDON SYNDICATE NO. 1886,
LLOYD'S, LONDON SYNDICATE NO. 2015,
LLOYD'S, LONDON, SYNDICATE NO. 5678,
LLOYD'S, LONDON SYNDICATE NO. 0623,
LLOYD'S, LONDON SYNDICATE NO. 4444,
LLOYD'S, LONDON SYNDICATE NO. 0318,
LLOYD'S, LONDON SYNDICATE NO. 5000,
LLOYD'S, LONDON SYNDICATE NO. 2001,
LLOYD'S, LONDON SYNDICATE NO. 1225,
AND LLOYD'S, LONDON SYNDICATE NO. 0033

NO.  2024 CW 0887
(PAGE 1 OF 2)

**NOVEMBER 12, 2024**

---

In Re:     Certain Underwriters at Lloyd's, London Subscribing to
           Policy No. 135205, applying for supervisory writs, 19th
           Judicial District Court, Parish of East Baton Rouge, No.
           740,732.

---

**BEFORE:    McCLENDON, WELCH, LANIER, GREENE, AND STROMBERG, JJ.**

**WRIT GRANTED.** The district court's August 16, 2024 judgment, which denied the exception of prescription filed by defendant, Certain Underwriters at Lloyd's London Subscribing to Policy No. LA 135205 ("Underwriters"), is reversed. The parties do not dispute that any claims between them arising from the policy of insurance issued by Underwriters to Mid City Tower, LLC, ("Mid City") are governed by the two-year prescriptive period found in the policy. See La. R.S. 22:868(B); **Wilson v. Louisiana Citizens Prop. Ins. Corp.**, 2023-01320 (La. 1/10/24), 375 So.3d 961, 962. Moreover, any extra-contractual claims such as bad faith are also governed by the two-year period. See **Wilson**, 375 So.3d at 962. Mid City's cause of action arises from incidents that occurred on August 7, 2019 and on August 14, 2019. Mid City filed the underlying suit in the 19th Judicial District Court for the Parish of East Baton Rouge on November 16, 2023. As such, the suit is untimely unless Mid City can show that the two-year prescriptive period was interrupted. Mid City contends that a prior suit it filed against Underwriters in federal court interrupted the prescriptive period. In this regard, Louisiana Civil Code art. 3462 provides that prescription is interrupted when the obligee commences action against the obligor in a court of competent jurisdiction and venue, and if the action is commenced in an incompetent court, prescription is interrupted only as to a defendant served by process within the prescriptive period. Underwriters filed suit in the Middle District of Louisiana on July 30, 2021 in the matter captioned **Mid City Tower, LLC v. Certain Underwriter's at Lloyd's, London, Subscribing to Policy No. La. 135205.** However, Underwriters was not served with the federal suit until September 29, 2021, more than two years after

both dates of loss occurred. Thereafter, the federal court dismissed the suit on the basis of lack of subject jurisdiction. Accordingly, because suit was not filed within a court of competent jurisdiction and venue and because Underwriters was not served with process within the prescriptive period, the federal suit did not interrupt the prescriptive period. See **Harrell-Bijou v. Guarino**, 2023-0425 (La. App. 1st Cir. 11/16/23), 379 So.3d 698, 704. Moreover, although the parties litigated in federal court, participated in settlement negotiations, and perhaps even settled portions of their dispute while the federal suit was pending, Mid City has not shown that Underwriters renounced prescription. Renunciation must be "clear, direct, and absolute and manifested by words or actions" and "requires a new promise to pay the debt[.]" **Lima v. Schmidt**, 595 So.2d 624, 631 (La. 1992). Further, Louisiana jurisprudence recognizes that "[a]fter a claim has prescribed, one may acknowledge a debt, and even pay part of it, without renouncing the prescription acquired on it." **Neese v. Papa John's Pizza**, 2010-15 (La. App. 5th Cir. 6/29/10), 44 So.3d 321, 329. Additionally, we cannot conclude that Underwriters' actions during the course of the federal proceedings waived its right to plead the two-year prescriptive period found in its policy. See **Steptore v. Masco Const. Co., Inc.**, 93-2064 (La. 8/18/94) 643 So.2d 1213, 1216. Nor do we find that Mid City met its burden to show that a timely suit was filed against a party with whom Underwriters was solidarily liable. See **Younger v. Marshall**, 618 So.2d 866, 869 (La. 1993). Accordingly, the exception of prescription is granted, and Mid City Tower, LLC's claims against the defendant, Certain Underwriters at Lloyd's London Subscribing to Policy No. LA 135205, are dismissed.

**PMc**
**WIL**
**TPS**

**Welch and Greene, JJ.**, dissent and would deny the writ application. Shortly after the federal action was instituted, the federal district court placed Certain Underwriters at Lloyd's London Subscribing to Policy No. LA 135205 ("Underwriters") on notice that subject matter jurisdiction was an issue. Despite knowledge of the jurisdictional issue and despite being charged with knowledge that its policy contained a two-year prescriptive period for the claims at issue herein, see **Steptore v. Masco Const. Co., Inc.**, 93-2064 (La. 8/18/94), 643 So.2d 1213, 1216, Underwriters filed a motion to stay with the federal court and agreed to participate in the appraisal process pursuant to the provisions of its policy with Mid City Tower, LLC. Moreover, Underwriters agreed to three separate motions to extend the stay so that the parties could complete the appraisal process. Regardless of whether any payments were issued in connection therewith, based on the foregoing, we cannot conclude that the district court erred in finding that Underwriters' actions waived the two-year prescriptive period found in its policy.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT