STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW 03-469

DIANA WEEKS

VERSUS

LOUISIANA PATIENT'S COMPENSATION FUND

**********

ON APPLICATION FOR SUPERVISORY WRIT,
THIRTY-SIXTH JUDICIAL DISTRICT COURT,
PARISH OF BEAUREGARD, NO. 96-229
HONORABLE HERMAN I. STEWART, JR., DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.

WRIT DENIED.

R. Scott Iles
Attorney at Law
P. O. Box 3385
Lafayette, LA 70502
(337) 234-8800
COUNSEL FOR PLAINTIFF/RESPONDENT:
    Diana Weeks

Nadia de la Houssaye
The Dill Firm, A.P.L.C.
P. O. Box 3324
Lafayette, LA 70502-3324
(337) 261-1408
COUNSEL FOR INTERVENOR/APPLICANT:
    Louisiana Patient's Compensation Fund

PETERS, J.

The Louisiana Patient's Compensation Fund (PCF) seeks supervisory writs from a judgment of the trial court denying its peremptory exception of prescription. For the following reasons, we deny the writ and remand for further proceedings.

**DISCUSSION OF THE RECORD**

On March 22, 1996, Diana Weeks filed the instant medical malpractice claim arising out of events that occurred in November of 1993, when she underwent a hysterectomy.[1] She initially named Dr. Etienne R. Brown, who performed the hysterectomy, as the only defendant. On March 24, 1997, Ms. Weeks additionally filed a complaint against Dr. Flynn Taylor, who had assisted Dr. Brown in the surgery, and she joined him as a defendant on October 17, 1997.

On December 19, 2002, Ms. Weeks filed a Petition for Approval of Settlement with Health Care Provider and Insurer, in which she alleged that she and the defendants had agreed to settle all of her claims against Dr. Taylor and his insurer for the sum of $100,000.00. Additionally, Ms. Weeks requested that the trial court approve the settlement, deem the liability of Dr. Taylor admitted, and recognize her right to seek additional damages from the PCF. The PCF answered the petition and asserted therein an exception of prescription, among other things. Subsequently, the trial court entered judgment in favor of Ms. Weeks, granting her requests.

Thereafter, the PCF reasserted its exception of prescription. The trial court entered judgment denying the exception of prescription. The PCF filed the instant application for supervisory writs. We granted the PCF's writ application for the sole purpose of calling up the matter for full consideration on the merits.

---

[1]For a more detailed factual and procedural background, see our prior opinion in *Weeks v. Brown*, 01-0495 (La.App. 3 Cir. 10/3/01), 796 So.2d 839, in which we reversed the trial court's grant of a summary judgment in favor of one of the defendants.

**OPINION**

The trial court denied the PCF's exception of prescription on the basis that the PCF lacked standing to raise the exception, noting fourth and fifth circuit jurisprudence so holding. *See for example McGrath v. Excel Home Care, Inc.*, 01-1270, 01-1271, p. 9 (La.App. 5 Cir. 3/26/02), 810 So.2d 1283, 1288 (holding that the PCF does not have the right to raise exceptions after the limitation of liability has been satisfied because to allow it to do so "would be to permit it to raise defenses only given to a Defendant, which it is not"), *writ denied*, 02-1344 (La. 11/27/02), 831 So.2d 284; *Miller v. S. Baptist Hosp.*, 00-1352, p. 12 (La.App. 4 Cir. 11/21/01), 806 So.2d 10, 19 (holding that the PCF "does not have the standing to raise the issue of prescription/peremption"), *writ denied*, 01-3379 (La. 3/28/02), 811 So.2d 943; *Tucker v. Lain*, 98-2273, 01-0608, 01-0609, p. 13 (La.App. 4 Cir. 9/5/01), 798 So.2d 1041, 1049 (holding that the PCF "was precluded from asserting prescription even though its rights to do so were reserved to it by the trial court"), *writ denied*, 01-2715 (La. 1/4/02), 805 So.2d 210; *Rey v. St. Paul Fire & Marine Ins. Co.*, 95-0661, p. 3 (La.App. 4 Cir. 11/16/95), 665 So.2d 109, 111 (holding that "once the insurer has paid its policy limits, statutory liability is admitted and the [PCF] has no standing to raise the issue of prescription"), *writ denied*, 95-3033 (La. 3/22/96), 669 So.2d 1223.

However, we need not reach the issue of whether its *status* as the PCF precludes its ability to bring the exception because we conclude that the payment on behalf of the health care provider of the $100,000.00 policy limits pursuant to La.R.S. 40:1299.44(C)(5) results in the health care provider's renouncement of any prescription that has accrued. Thus, the trial court properly denied the PCF's exception of prescription, albeit for different reasons.

Specifically, "[p]rescription may be renounced only after it has accrued."

2

La.Civ.Code art. 3449.  "[R]enunciation requires a new promise to pay the debt . . . ."  *Lima v. Schmidt*, 595 So.2d 624, 631 (La.1992).  A "promise" means a declaration which gives to the person to whom it is made the right to expect or claim the performance of a specified act.  *Id.*

Louisiana Revised Statutes 40:1299.44(C)(5)(e)[2] provides:

> In approving a settlement or determining the amount, if any, to be paid from the patient's compensation fund, the trier of fact *shall consider the liability of the health care provider as admitted and established* where the insurer has paid its policy limits of one hundred thousand dollars, or where the self-insured health care provider has paid one hundred thousand dollars.

(Emphasis added.)

Recently, in *Hall v. Brookshire Brothers, Ltd.*, 02-2404, 02-2421 (La. 6/27/03), 848 So.2d 559, the supreme court interpreted then La.R.S. 40:1299.44(C)(5) as allowing the quantification of victim and third-party fault in suits against the PCF when the health care provider has admitted liability by tendering the payment of $100,000.00.  In so holding, the court explained that "[w]hen a defendant stipulates to liability, that defendant acknowledges that his or her fault (substandard performance of a legal duty owed to plaintiff for the protection from certain risks of harm) caused the plaintiff to sustain some damage (in the case of the qualified health care provider under the Medical Malpractice Act, that defendant stipulates that the damage he or she caused is a least $100,000)."  *Id.* at 567.

---

[2]Louisiana Revised Statutes 40:1299.44 was amended by 2003 La. Acts No. 882, § 1, in part to redesignate the following portion of former La.R.S. 40:1299.44(C)(5) as La.R.S. 40:1299.44(C)(5)(e).  Current La.R.S. 40:1299.44(C)(5)(e) reproduces the substance of its predecessor provision with the exception that it now refers to "the trier of fact" as opposed to the former version's reference to "the court."  Obviously, this change has no bearing on the issue at hand and simply dovetails with amendments elsewhere to the Statute that specify that the PCF has the right to request a trial by jury.  Further, 2003 La. Acts No. 882, § 2, provides that "[t]he provision of this Act enacting R.S. 40:1299.44(C)(5)(a) and (e) are procedural and interpretative in nature and are intended to clarify and codify existing law."

Thus, for purposes of La.R.S. 40:1299.44(C)(5)(e), the stipulation of liability is an acknowledgment or admission of fault. Still, the plaintiff must "prove what damage, by kind and seriousness, was caused by defendant's fault." *Hall*, 848 So.2d at 567. Thereafter, "[t]he trier of fact *shall* determine the amount for which the fund is liable and render a finding and judgment accordingly." La.R.S. 40:1299.44(C)(5)(a) (emphasis added). In effect, the acknowledgment/admission of liability pursuant to La.R.S. 40:1299.44(C)(5) operates as a declaration or promise that the PCF will pay any damages proven to be owed by the health care provider and gives the medical malpractice victim the right to expect or claim payment for damages proven to be owed by the health care provider. Thus, the admission of liability effects a renunciation of any prescription that may have accrued. Therefore, the trial court did not err in denying the PCF's exception of prescription.

Nevertheless, the PCF urges that La.Civ.Code art. 3453 applies to allow it to assert the exception of prescription. Louisiana Civil Code Article 3453 provides:

> Creditors and other persons having an interest in the acquisition of a thing or in the extinction of a claim or of a real right by prescription may plead prescription, even if the person in whose favor prescription has accrued renounces or fails to plead prescription.

This argument was also advanced by the PCF in *Kelty v. Brumfield*, 534 So.2d 1331 (La.App. 4 Cir. 1988),[3] *writs denied*, 536 So.2d 1221, 1222 (La.1989). In rejecting the PCF's argument in that regard, the fourth circuit in *Kelty* stated:

> The Medical Malpractice Act does not contemplate the [PCF] as a party defendant. *Williams v. Kushner*, 449 So.2d 455 (La.1984). The [PCF] is a "budget unit" of the State. *La.R.S. 40:1299.44(A)(5)(g)*. The functions of administering the [PCF] are carried out by the commissioner of insurance. *La.R.S. 40:1299.44(A)(5)(b)*. The act does not give the [PCF] status as a co-obligor or insurer of the health care provider. It is

---

[3]We note that changes have been made regarding La.R.S. 40:1299.44 since *Kelty*. However, these changes do not materially affect our resolution of this issue.

4

a creature of the legislature designed to satisfy settlements and/or judgments against health care providers in excess of $100,000.00. The [PCF] does not have to be made a party to the litigation, nor cast in judgment in order to disburse its funds. The only requirement is a final judgment or a court approved settlement, or a final arbitration award, against the health care provider in excess of one hundred thousand dollars. *La.R.S. 40:1299.44(B)(2)(a-c)*. See also, *Forstall v. Hotel Dieu Hospital*, 429 So.2d 213 (La.App. 4th Cir.1983), writ denied 433 So.2d 1054 [(La.1983)].

In *Felix v. St. Paul Fire and Marine Ins. Co.*, 477 So.2d 676 (La.1985), the Supreme Court defined the [PCF] as a statutory intervenor "who has an interest in the proceedings between the claimant and the health care provider because any damages in excess of one hundred thousand dollars are payable by the [PCF]." *Id. at 680, 681. . . .*

Thus the [PCF] is limited by the provisions of the Medical Malpractice Act, the act which created it. We are of the opinion that the legislature did not intend to give the [PCF] equal status as a party defendant once the health care provider settled for its maximum liability. . . . We therefore conclude, under the factual scenario of this case, that the [PCF] was not given the status of "creditor or other person" within the meaning of Civil Code Article 3453. It does not have the right to invoke the provisions of that article, nor does it have the right to question, for any other reason, the health provider's statutorily admitted liability.

*Id.* at 1333-34 (footnote omitted).

We agree with the pronouncements in *Kelty* and reject the PCF's argument in that regard.

### DISPOSITION

For the foregoing reasons, we deny the writ and assess costs to the Louisiana Patient's Compensation Fund to the extent allowed by law.

**WRIT DENIED.**

5