STEPHEN J. WINDHORST, Judge.
| ¡Appellant, Herbert Benjamin, appeals from the trial court’s judgment granting an exception of prescription, dismissing his medical malpractice complaint against Ochsner Clinic Foundation (“Ochsner”), Christopher J. Najberg, M.D., and Shane Pelitere, R.N. For the reasons that follow, we affirm in part and reverse in part, and remand for further proceedings.
The alleged malpractice occurred on September 16, 2011. On September 17, 2012, Mr. Benjamin filed his complaint with the Patient Compensation Fund (“PCF”), requesting a medical review panel. He named as defendants Ochsner Clinic Foundation, Ochsner Medical Center, Dr. Najberg, and an Ochsner nurse identified as “A. Shane@.”
On October 1, 2012, the PCF sent notice to Mr. Benjamin’s counsel of the required filing fee and informed him that failure to pay this fee within 45- days would render claimant’s request for a medical review panel without effect and the request would not suspend the time for filing suit. The PCF requested filing fees of $300.00; $100.00 for each of the three qualified defendants, Ochsner Clinic Foundation, Ochsner Medical Center, and Dr. Najberg. The PCF also requested the first and last name of the nurse identified as A. Shane so that it could determine whether A. Shane was a qualified provider.
| ^Accordingly, Mr. Benjamin’s check was due to the PCF by November 14, 2012. The claimant sent a check for the fees by certified letter dated November 9⅛ 2012, *163 which was returned because it did not contain the sufficient postage. Counsel resent the fee, which the PCF received on December 11, 2012.
On January 2, 2013, the PCF advised counsel that the check was returned NSF for insufficient funds. A second check was tendered, which was received by the PCF on January 14, 2013.
On April 9, 2013, Mr. Benjamin informed the PCF that the first and last name of A. Shane was Shane Pelitere. The PCF sent notice of the required filing fee of $100.00 for Nurse Pelitere on July 24, 2013, and the fee was remitted on August 12, 2013, within the 45-day period.
On April 30, 2013, defendants filed a peremptory exception of prescription, arguing that plaintiff failed to comply with the mandatory filing fee provision of La. R.S. 40:1299.47, and therefore the request for a medical review panel did not serve to interrupt prescription. After a hearing, on December 9, 2013, the court rendered judgment finding Mr. Benjamin’s claims prescribed and dismissing those claims with prejudice!
In this appeal, Mr. Benjamin argues that the trial court erred in finding that the payment of the filing fees was untimely, and did not serve to interrupt prescription. He further argues that the request for the medical review panel against Nurse Pelitere is still viable, regardless of the trial court’s ruling on the remaining defendants. Finally, he argues that defendants renounced prescription. Furthermore, Mr. Benjamin contends that the trial court’s judgment was the result of a misinterpretation of statutes, and therefore this matter is to be reviewed de novo.
RMedical malpractice claims must be filed within one year of the date of the alleged act of negligence, or within one year of the date of discovery; however, in all events, such claims must be filed within three years of the act of negligence. La. R.S. 9:5628.
La. R.S. 40:1299.47 A provides in pertinent part:
A. (l)(a) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section. The filing of a request for review by a medical review panel as provided for in this Section shall not be reportable by any health care provider, the Louisiana Patient’s Compensation Fund, or any other entity to the Louisiana State' Board of Medical Examiners, to any licensing authority, committee, or board of any other state, or to any credentialing or similar agency, committee, or board of any clinic, hospital, health insurer, or managed care company.
* * *
(c) A claimant shall have forty-five days from the mailing date of the confirmation of receipt of the request for review in accordance with Subparagraph (3)(a) of this Subsection to pay to the board a filing fee in the amount of one hundred dollars per named defendant qualified under this Part.
(d) Such filing fee may be waived only upon receipt of one of the following:
(i) An affidavit of a physician holding a valid and unrestricted license to practice his specialty in the state of his residence certifying that adequate medical records have been obtained and reviewed and that the allegations of malpractice against each defendant health care provider named in the claim constitute a claim of a breach of the applicable stan *164 dard of care as to each named defendant health care provider.
(ii) An in forma pauperis ruling issued in accordance with Louisiana Code of Civil Procedure Article 5181 et seq. by a district court in a venue in which the malpractice claim could properly be brought upon the conclusion of the medical review panel process.
(e) Failure to comply with the provisions of Subparagraph (c) or (d) of this Paragraph within the specified forty-five day time frame in Subparagraph (c) of this Paragraph shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall hot suspend time within which suit must be instituted in Subparagraph (2)(a) of this Subsection.
|s(f) All funds generated by such filing fees shall be private monies and shall be applied to the costs of the Patient’s Compensation Fund Oversight Board incurred in the administration of claims. Cg) The filing fee of one hundred dollars per named defendant qualified under this Part shall be applicable in the event that a claimant identifies additional qualified health care providers as defendants. The filing fee applicable to each identified qualified health care provider shall be due forty-five days from the mailing date of the confirmation of receipt of the request for review for the additional named defendants in accordance with R.S. 40:1299.47(A)(3)(a).
In this case, Mr. Benjamin filed his original request for medical review panel on September 17, 2011. The PCF confirmed receipt of his request by letter dated October 1, 2011. Pursuant to La. R.S. 40:1299.47 A, filing fees of $100.00 per named defendant were due no later than 45 days from the date of that letter, or on November 14, 2011.
The record indicates that the filing fees were untimely. Although the record shows that a check was mailed on November 9, 2014, it was not received until December 11, 2014, more than 45 days later. In addition, the check was returned to the PCF for insufficient funds. A second check was mailed and received by the PCF on January 14, 2013, after the expiration of the 45-day period. Because the filing fees for Mr. Benjamin’s complaints against Ochsner Clinic Foundation, Ochsner Medical Center and Dr. Najberg were not timely paid, those complaints did not serve to interrupt prescription.
Mr. Benjamin argues that the statute in question can be interpreted to provide that the fees are timely paid if mailed prior to the 45-day period. We can find nothing in the law to support this contention. To the contrary, the statute clearly states that the fees must be paid, or an informa 'pauperis ruling must be | (¡received, within 45 days from the mailing date of the confirmation.[1] See Igwike v. Memorial Medical Center, 06-0167 (La.App. 4 Cir. 5/23/07), 959 So.2d 562. Since the filing fees required by statute were not timely paid for in the request for the medical review panel, that request was invalid and without effect, and did not serve to suspend the running of prescription of Mr. Benjamin’s malpractice claim.
In his second argument, Mr. Benjamin contends that the trial court erred in finding that his claim against Nurse Shane Pelitere was prescribed. The record re- *165 fleets that when Mr. Benjamin was given his medical record by Ochsner, the nurse in attendance was named as “Shane,” and this name was what he used to identify her when filing his request for a medical review panel. In response, the PCF requested further information regarding “Shane’s” first and last name. In conducting discovery, Mr. Benjamin learned that “Shane” was Shane Pelitere, and he forwarded this information to the PCF. Upon receipt of this information, the PCF determined that Nurse Pelitere was a qualified provider, and it sent to Mr. Benjamin notice of the filing fee. Mr. Benjamin timely paid this filing fee within the 45-day period.
In this appeal, defendants argue that Mr. Benjamin was not diligent in discovering the identity of “Shane,” and therefore his action against Nurse Pelitere should also be considered prescribed. We disagree. Mr. Benjamin requested a copy of his medical records from Oschner and was provided with the records that identified Nurse Pelitere only -as “Shane.” It was therefore this name that he identified in his request for medical review panel. Because of the insufficient identification, the PCF could not determine if “Shane” was a qualified health care provider, and did not issue a confirmation of receipt letter (which starts the running [7of the 45-day period) as required by La. R.S. 40:1299.47 A(l), or set the 45-day deadline by which to have the fee paid. Nor did the PCF indicate a time limit for its request for further information as to the name.[2] Mr. Benjamin paid the filing fee for his claim against Nurse Pelitere within 45 days of the PFC’s confirmation of receipt letter as mandated by statute, and therefore the pending medical review panel suspended prescription as to Mr. Benjamin’s suit against Nurse Pelitere. We therefore find that the trial court erred in granting defendants’ exception of prescription against Nurse Pelitere.
Finally, Mr. Benjamin contends that defendants either acknowledged liability or renounced prescription by their actions in initiating settlement discussions with his counsel starting in February of 2013, and therefore the trial court erred in granting the exception of prescription in favor of Ochsner and Dr. Najberg.
A plaintiff may rely on one of three theories in establishing that prescription has not run: suspension, interruption or renunciation. Lima v. Schmidt, 595 So.2d 624 (La.1992). While acknowledgment can interrupt prescription; such interruption can only occur during the prescriptive period; once prescription has accrued, it can no longer be interrupted by acknowledgement. Neese v. Papa John’s Pizza, 10-15 (La.App. 5 Cir. 6/29/10), 44 So.3d 321, 329.
However, once prescription has run, it can be renounced. La. C.C. art. 3449. Renunciation must be “clear, direct, and absolute and manifested by words or actions of the party in whose favor prescription has run.” Lima, supra. Acknowledgment of a debt is not sufficient to renounce an acquired prescription. There must be a new promise made to pay the debt. After a claim has prescribed, | sone may acknowledge a debt, and even pay part of it, without renouncing the prescription acquired on it. Neese, supra at 329.
*166 In this case, the settlement negotiations do not constitute a new promise to pay the debt, and are not sufficient to constitute a renunciation of prescription. Accordingly the trial court did not err in its ruling.
For the above discussed reasons, the trial court’s judgment granting defendant’s exception of prescription in favor of Ochs-ner Clinic Foundation and Christopher J. Najberg, M.D., is affirmed. The trial court’s judgment granting the exception of prescription in favor of Shane Pelitere, R.N. is reversed and the matter is remanded.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

. Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. La. C.C. art. 11; La.R.S. 1:3; Boudreaux v. Louisiana Dep’t of Pub. Safety & Corr., 12-0239 (La.10/16/12), 101 So.3d 22, 26.

. In Ferrara v. Starmed Staffing, LP, 10-589 (La.App. 4 Cir. 10/6/10), 50 So.3d 861, the court held that the doctrine of contra non valentum interrupted prescription where the medical records contained the nurse’s name in handwritten notes, and plaintiff could not have reasonably identified her or her third party employer until the hospital responded to discovery and furnished their identity.