# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #056

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **18th day of December, 2025** are as follows:

**BY McCallum, J.:**

2025-CC-00171   LEALON JOHNSON   VS.   AECOM AMENTUM GOVERNMENT SERVICES

AFFIRMED AND REMANDED. SEE OPINION.

Crain, J., concurs.
Guidry, J., concurs in the result.

# SUPREME COURT OF LOUISIANA

# No. 2025-CC-00171

# LEALON JOHNSON

# VS.

# AECOM AMENTUM GOVERNMENT SERVICES

On Supervisory Writ to the Office of Workers' Compensation, District 2

**McCALLUM, J.**

This workers' compensation case presents purely legal issues concerning the timeliness of an injured worker's claim for benefits. We first consider when the prescriptive period for filing a disputed claim for workers' compensation begins where an employer accommodates an injured employee with continued full-time employment at his full salary and the employee suffers no initial loss of wages. The resolution of this issue is determined by the provisions of the Louisiana Workers' Compensation Law ("LWCL"), and more specifically, by La. R.S. 23:1209. Under this statute, an injured employee is required to file a disputed claim for compensation within one year from the date of an accident, provided the injury manifests immediately. In its current form, the LWCL provides no exception to this prescriptive period for an employee who does not initially suffer a loss of wages following a work-related accident.

Second, we examine the effect of an employer's starting and continuing workers' compensation payments after the one-year prescriptive period has tolled. We find our answer to this *res nova* issue by examining the language of the LWCL, the desired goal of protecting injured workers, and the application of other civil law concepts. These considerations lead us to conclude that an employer who engages in such conduct tacitly renounces the accrued prescription and thereby waives the

right to assert prescription as a defense. This conclusion is consistent with the principle that, while prescription statutes are to be strictly construed,[1] prescription may nevertheless be renounced either expressly or tacitly, by conduct clearly indicating an intent to forgo the right to plead it.

Applying these principles to the instant matter, we agree with the Office of Workers' Compensation ("OWC") judge that the claims of the plaintiff, Lealon Johnson, are not prescribed. Although Mr. Johnson filed his disputed claim for compensation more than a year after his work-related injury occurred, his employer began making payments of workers' compensation benefits long after the prescriptive period tolled and continued to make payments for two years. Under these circumstances, we find that his employer renounced prescription. Accordingly, and as discussed more fully below, the OWC judge properly denied the exception of prescription in this case. We affirm that ruling and remand this matter to the OWC for further proceedings.

### FACTS AND PROCEDURAL HISTORY

The facts of this matter are largely undisputed. Lealon Johnson was employed as a mechanic by AECOM Amentum Government Services ("Amentum") at Fort Polk, Louisiana. On June 12, 2020, Mr. Johnson was injured during the course and scope of his employment when he tripped over the hose of a pressure washer he was using. As a result of the accident, Mr. Johnson suffered injuries to his back. He began receiving medical treatment for his injuries and Amentum paid his medical bills. Mr. Johnson did not initially lose any time from work as Amentum placed him on light-duty work in the facility's tool room. He continued to work in the tool room and receive his regular salary until Amentum eliminated his light-duty position on June 22, 2022 and ceased paying his salary.

---

[1] *See Arrant v. Wayne Acree PLS, Inc.*, 15-0905, pp. 5-6 (La. 1/27/16), 187 So. 3d 417, 421 ("Because prescription triggers the extinction of a claim, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it.").

2

Thereafter, Amentum began paying Mr. Johnson temporary total disability benefits[2] on a weekly basis. It continued these payments until March 28, 2024, when Amentum filed a notice of controversion of compensation form with the OWC, disputing Mr. Johnson's continued right to indemnity benefits. Its position was that Mr. Johnson had abandoned medical treatment.

On July 29, 2024, Mr. Johnson filed–for the first time–a Disputed Claim for Compensation. Amentum responded with several exceptions, including an exception of prescription. Amentum maintained that the claim, filed more than four years after the work-related accident took place, had prescribed under Louisiana law. The OWC judge disagreed, reasoning:

> . . . [T]he indemnity benefits paid by Amentum for 21 months after prescription had run without any evidence that same were paid in error or revoked, along with their change in policy to accommodate work restrictions requiring light-duty work after over two years of accommodating Mr. Johnson's physical restrictions, were a clear and direct absolute renunciation of the accrual of prescription that occurred. While said payments were not an admission of liability in and of themselves, the extensive period of time for which they were regularly paid to Mr. Johnson indicated a new promise by Amentum that indemnity benefits were owed under the facts of this claim.

Amentum sought supervisory review of the OWC's ruling with the court of appeal, which denied relief. Amentum then filed a writ application with this Court, which we granted. *Johnson v. Aecom Amentum Gov't Servs*., 25-00171 (La. 5/6/25), 408 So. 3d 198.

## LAW AND DISCUSSION

Under Louisiana law, the party pleading the peremptory exception of prescription bears the burden of proving the prescriptive period has elapsed. *Talley*

---

[2] Under the LWCL, "[c]ompensation shall be paid . . . (a) [f]or any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, . . . [at] sixty-six and two-thirds percent of wages during the period of such disability." La. R.S. 23:1221 (1)(a).

3

*v. Baum*, 22-1329, p. 6 (La. App. 1 Cir. 9/7/23), 371 So. 3d 1114, 1118. This rule applies to workers' compensation matters as well. *See Duplechain v. Dep't of Transp. & Dev.*, 02-356, p. 2 (La. App. 3 Cir. 10/2/02), 827 So. 2d 567, 568 ("Generally, the party pleading prescription on a workers' compensation claim bears the burden of proof on the issue."). Where prescription is evident from the face of the pleadings, the burden shifts to the claimant to show that the action has not prescribed. *Feyerabend v. Boomtown Casino*, 08-807, p. 5 (La. App. 5 Cir. 2/25/09), 9 So. 3d 228, 231. He may do so by proving prescription was interrupted, suspended or renounced. *Id*.

As previously noted, the OWC judge found that Mr. Johnson's claim was not prescribed. We review this finding *de novo*. *Talley*, 22-1329, p. 6, 371 So. 3d at 1118. *See also, Smith v. Acadian Ambulance Serv., Inc.*, 22-626, p. 3 (La. App. 3 Cir. 3/22/23), 363 So. 3d 564, 567 ("When the pertinent facts are not in dispute and the decision involves purely legal issues, the matter is reviewed de novo, and the trial court's legal conclusions are not entitled to any deference.").

Louisiana's workers' compensation laws, La. R.S. 23:1020.1, *et seq*., were enacted for the express purpose of providing timely payment of benefits, including medical benefits, to a worker injured during the course and scope of his employment, and returning him back to the workforce. La. R.S. 23:1020.1 B. As this Court observed in *Wal-Mart Stores, Inc. v. Keel*, 01-3013, p. 9 (La. 4/3/02), 817 So. 2d 1, 7, workers' compensation benefits are designed "to compensate employees for loss of income resulting from work-related injuries in exchange for their employees' forbearance from suing the employers in tort." We made clear in *Keel* that "[t]emporary total disability benefits replace a portion of the salary an injured employee could have earned had he not been injured." *Id*. (citing La. R.S. 23:1221 (1)(a)). Necessarily, for an injured employee to be eligible for temporary total

4

disability benefits, he must be unable "to engage in any self-employment or occupation for wages." *See* La. R.S. 23:1221 (1)(a).

When an employee continues to work and earn wages after an injury, however, the LWCL explicitly provides that he is not entitled to benefits. Louisiana Revised Statute 23:1221 (1)(b) states that "compensation for temporary disability *shall not be awarded* if the employee is engaged in any employment or self-employment regardless of the nature or character of the employment or self-employment including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain."[3] (Emphasis added).

The LWCL is silent with respect to circumstances in which an injured employee continues to be employed and receive wages–albeit for work of a different nature–until such time as the employee's position is eliminated or the employee becomes incapable of performing his duties as a result of the otherwise compensable injury. Logically, however, in this situation, as long as the employee timely asserts a claim, he may be entitled to receive workers' compensation benefits. The problem arises when the employee does not timely file a claim for benefits because he continues to receive wages beyond the prescriptive periods established by the LWCL. This is particularly problematic given that, as long as the employee is earning wages, La. R.S. 23:1221 (1)(b) precludes his receipt of any temporary total disability benefits.

---

[3] The requirement that an injured employee may not earn any wages in order to qualify for temporary total disability benefits is further evidenced by La. R.S. 23:1221 (1)(c), which provides:

> . . . whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (1)(b) of this Paragraph, compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.

The LWCL provides three definitive timelines within which an employee must file a claim to recover workers' compensation benefits. First, as set forth in La. R.S. 23:1209 A (1), an employee has one year from the date of an accident to file a "formal claim," unless the parties have agreed upon payments to be made. Second, where "payments have been made . . ., the limitation shall not take effect until the expiration of one year from the time of making the last payment." La. R.S. 23:1209 A (2). That is, under subpart A (2), where an injured employee has received benefits under the LWCL, the prescriptive period for filing a workers' compensation claim accrues one year after the last compensation payment rather than one year after the injury occurred.

The third period for filing a workers' compensation claim is provided in La. R.S. 23:1209 A (3). Where an injury does not manifest immediately after an accident, the employee must file a claim within a year "from the time the injury develops," but no more than "three years from the date of the accident." *Id*.

These prescriptive periods do not contemplate the situation presented by this case–where an employee receives his regular salary for more than a year after sustaining a work-related injury and his employment is then terminated. As he suffered no loss of wages during the relevant prescriptive period, the employee is statutorily barred from receiving benefits under the LWCL. *See* La. R.S. 23:1221 (1)(b), *supra*; *see also*, *Branch v. New Orleans Saints*, 09-910, p. 8 n.5 (La. App. 5 Cir. 2/23/10), 31 So. 3d 627, 632 (employee, an NFL player, was not entitled to workers' compensation benefits because he "did not miss any work or compensation that he would otherwise have received.").

Furthermore, any attempt by an employee to file a claim for workers' compensation benefits while the employee is still receiving wages would be met with an exception of prematurity. Under La. R.S. 23:1314, a petition for workers' compensation benefits is premature and subject to dismissal unless the employee

6

asserts a basis for a workers' compensation claim, including the employer's failure to pay an employee LWCL benefits it owes.[4] None of the bases set forth under this statute apply to this case.

This Court has previously recognized that:

> . . . an injured employee who continues to work, despite a work-related medical condition which is painful but not then disabling, should not be penalized for attempting to remain in the work force in order to support his or her family or in the hope that the condition will improve. Wex A. Malone & H. Alston Johnson III, 14 Louisiana Civil Law Treatise—Workers' Compensation § 384 (3d ed. 1994). Requiring any injured employee, who is not yet disabled, to assert his or her claim within one year of the accident (or one year of the last payment of benefits) in order to preserve the cause of action would encourage needless litigation.

*Sevin v. Schwegmann Giant Supermarkets, Inc.*, 94-1859, p. 5 (La. 4/10/95), 652 So. 2d 1323, 1326.

At issue in *Sevin* was the "developing injury" rule (and a claim for total and permanent disability, which has identical prescriptive periods as a claim for temporary total disability). In *Sevin*, this Court found a workers' compensation claim

---

[4] La. R.S. 23:1314 provides, in pertinent part, as follows:

A. The presentation and filing of the petition under R.S. 23:1310.3 shall be premature unless it is alleged in the petition that:

(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which the petitioner is entitled under this Chapter; or

(2) The employee has not been furnished the proper medical attention, or the employer or insurer has not paid for medical attention furnished; or

(3) The employee has not been furnished copies of the reports of examination made by the employer's medical practitioners after written request therefor has been made under this Chapter; or

(4) The employer or insurer has not paid penalties or attorney's fees to which the employee or his dependent is entitled.

B. *The petition shall be dismissed* when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the workers' compensation judge to be without reasonable cause or foundation in fact.

C. The workers' compensation judge shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim.

(Emphasis added).

was timely despite being filed twenty months after an accident. The Court noted the plaintiff was initially treated for a strain. It was not until she discovered her injury was more serious and required surgery (at which time her doctor ordered her not to work) that the injury "developed" as contemplated by the LWCL. Her claim was thus timely filed within the "developing injury" prescriptive period.[5]

We recognize the quandary presented by the circumstances of this case–an injured employee who returns to work and suffers no loss of wages during the one-year prescriptive period is without recourse when he later becomes eligible for workers' compensation benefits. Despite the *Sevin* Court's recognition of this very problem in 1995, there have been no responsive amendments to the LWCL to date. And, this Court is unable to fashion a remedy, as "[c]ourts are not free to rewrite laws to effect a purpose that is not otherwise expressed." *Luv N' Care, Ltd. v. Jackel Int'l Ltd.*, 19-0749, p. 10 (La. 1/29/20), 347 So. 3d 572, 579. Our jurisprudence makes clear that "the role of the judiciary [is] to interpret the law, not to make law. . . . Likewise, '*it is not the judiciary's role to fill in gaps left by the legislature.*'" *In re Dennis*, 55,851, p. 3 (La. App. 2 Cir. 7/17/24), 400 So. 3d 954, 960 (emphasis supplied; citations omitted).

We are therefore constrained to find that Mr. Johnson's claim, on its face, is prescribed. Mr. Johnson's injury occurred on June 12, 2020. His disputed claim for

---

[5] *See also, Bolden v. Georgia Cas. & Sur. Co.*, 363 So. 2d 419, 422 (La. 1978) ("an employee who becomes disabled after the prescriptive year (but within two years after the accident) will not be penalized by the loss of his compensation rights, unless he fails to bring suit to enforce them within one year after it is manifest, rather than conjectural, that he has a compensable claim."). *Cf.*, *Iverstine v. Albemarle Corp.*, 02-2555, p. 10 (La. App. 1 Cir. 7/2/03), 852 So. 2d 492, 499 (although the claimant's injuries worsened to the point he underwent surgery, his claim had prescribed. The appellate court found that the plaintiff knew he suffered a work-related injury and knew that he could not continue to perform his customary work; thus, his claim, filed more than a year after a work-related accident, had prescribed.).

Here, even if the "developing injury" rule applied, and Mr. Johnson's claim was triggered at the time he was no longer able to work (*i.e.*, when his light-duty job was eliminated), Mr. Johnson's claim still would have prescribed. Louisiana Revised Statute 23:1209 A(3) provides that, where an injury does not manifest immediately, an employee has one year from the time the injury develops to file a claim, "but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun *within three years from the date of the accident*." (Emphasis added). Mr. Johnson's claim was filed more than four years after his accident.

compensation was filed on July 29, 2024, more than four years after his injury and well after the expiration of any prescriptive period set forth in the LWCL. As a result, it became Mr. Johnson's burden to prove that prescription was either interrupted, suspended or renounced. Although there is no dispute that Amentum paid for all of Mr. Johnson's medical expenses, La. R.S. 23:1204 clearly states that "[n]either the furnishing of medical services nor payments by the employer . . . constitute an admission of liability," and our jurisprudence reflects that these payments do not interrupt the prescriptive period. *See*, *e.g.*, *Winford v. Conerly Corp.*, 04-1278, p. 15 (La. 3/11/05), 897 So. 2d 560, 569; *Gilbert v. Willis-Knighton Work Kare Clinic*, 43,320, p. 4 (La. App. 2 Cir. 6/4/08), 986 So. 2d 211, 213.

Mr. Johnson does not contend that prescription was interrupted or suspended, and we agree that nothing occurred that would have interrupted or suspended the one-year prescriptive period after Mr. Johnson's accident.[6] Mr. Johnson focuses, instead, on the doctrine of renunciation. He contends that Amentum renounced prescription when it initiated and continued to make payments of indemnity benefits after prescription accrued. Based on the record before us, we agree.

"'*Renunciation* of prescription' is the technical term designating the abandonment of rights derived from an accrual of prescription." La. C.C. art. 3449, cmt (c). (Emphasis supplied). It is distinguishable from "an *acknowledgment* of a right or obligation, which is made prior to the accrual of prescription and which

---

[6] We recognize that "payment in lieu of wages" interrupts prescription and a claim may be filed within a year of the final wage payment. *See Ortis v. Ortco Contractors, Inc.,* 00-1460, p. 3 (La. App. 1 Cir. 9/28/01), 809 So. 2d 300, 301. "'Wages in lieu of compensation' are defined as unearned wages paid to an employee after an injury; if the employee actually earns the wages paid to him, they are not 'wages in lieu of compensation' and do not interrupt prescription for workers' compensation claims." *O'Quinn v. Trinidad Drilling, LP*, 49,372, p. 8 (La. App. 2 Cir. 10/1/14), 150 So. 3d 486, 491. As explained in *O'Quinn*, "[i]f the employee after his injury continues to receive wages or checks unspecified as to their purpose and he is not fully earning these wages, they will be treated as gratuitous payments in lieu of compensation and will interrupt prescription." *Id*. (quoting Wex S. Malone and H. Alston Johnson, 14 Louisiana Civil Law Treatise, *Workers' Compensation Law and Practice*, § 384, pp. 371-2 (4th ed. 2010)).

This principle does not apply to this case as the wages Mr. Johnson received following his injury were earned, even though Mr. Johnson worked in a different capacity than his usual employment.

wipes out the time that has run prior to the acknowledgment." *Id*. (Emphasis supplied). Renunciation, on the other hand, takes place "only after [prescription] has accrued," as specifically provide by La. C.C. art. 3449. While an acknowledgment interrupts prescription and erases the time accrued, causing prescription to begin anew from the date of the interruption, "renunciation obliterates the effect of prescription that has run." *Lima v. Schmidt*, 595 So. 2d 624, 631 (La. 1992); *see also*, *Coleman v. Ace Prop. & Cas. Ins. Co.*, 19-305, p. 10 (La. App. 5 Cir. 11/27/19), 284 So. 3d 1262, 1270.

Our jurisprudence is well-settled that renunciation of prescription must be "clear, direct, and absolute, and it must be manifested by words or actions of the party in whose favor prescription has run." *Ruffins v. HAZA Foods of Louisiana, LLC*, 21-619, p. 5 (La. App. 5 Cir. 5/25/22), 341 So. 3d 1259, 1263-64 (citing *Geiger v. State ex rel. Dep't of Health & Hosp.*, 01-2206, p. 10 (La. 4/12/02), 815 So. 2d 80, 86. According to La. C.C. art. 3450, "[r]enunciation may be tacit or express." Tacit renunciation "results from circumstances that give rise to a presumption that the advantages of prescription have been abandoned." *Id*. Renunciation, however, "does not require any formality." La. C.C. art. 3449, cmt (d).

A party's acknowledgement of an obligation after prescription has tolled is insufficient to constitute the renunciation of prescription; renunciation requires a new promise to pay the debt. *Slaughter v. Arco Chem. Co.*, 05-0657, pp. 6-7 (La. App. 4 Cir. 4/26/06), 931 So. 2d 387, 393 (citation omitted). In support of this principle, the *Slaughter* court reasoned: "[a] new obligation binding on the debtor is created when a promise to pay is made after prescription has accrued." *Id*. (quoting *Lima*, 595 So. 2d at 631 (La. 1992). This Court further explained that renunciation "must result from a fact which gives a presumption of the relinquishment of the right acquired by prescription . . . and such fact must be necessarily and strongly

10

connected with the debt which the party intended to revive." *Geiger,* 01-2206, p. 10 815 So. 2d at 86 (quoting *Courtebray v. Rils*, 9 Rob. 511 (La. 1845)).

Case law indicates that, after a claim has prescribed, a defendant may acknowledge a debt and even make partial payment of it without renouncing prescription. *See In re Benjamin*, 14-192, p. 8 (La. App. 5 Cir. 11/25/14), 165 So. 3d 161, 165; *Bordelon's, Inc. v. Littell*, 490 So. 2d 779, 781 (La. App. 3 Cir. 1986). In *Benjamin*, the court rejected the plaintiff's contention that the defendants renounced prescription by initiating settlement discussions, finding that settlement negotiations do not constitute a "new promise to pay [a] debt" sufficient to renounce prescription. *Id*., 14-192, p. 8, 165 So. 3d at 166. Likewise, in *Bordelon's*, the court found that a signed notarized receipt, which made several acknowledgements of the debt, was not a renunciation of prescription. While the acknowledgment was valid, interrupting prescription on the unprescribed portion of the debt, it did not renounce prescription of the debt that had prescribed, as it contained no new promise to pay that portion of the debt.

Similarly, in *Slaughter*, the court found a taxpayer's acceptance of a check from the Department of Revenue and Taxation more than three years after the Department's lawsuit to collect taxes was abandoned for non-prosecution was not a renunciation of the previously-accrued abandonment. The court observed that neither the cover letter nor the check contained any language that could be construed as a new "promise to pay by [the tax payor] or a new promise to litigate." *Slaughter*, 05-0657, p. 9, 931 So. 2d at 393.

Conversely, tacit renunciation was found in *Weeks v. Louisiana Patient's Comp. Fund*, 03-469 (La. App. 3 Cir. 11/5/03), 858 So. 2d 851, a medical malpractice case. In *Weeks*, the Third Circuit found payment of a physician's malpractice insurance policy limits resulted in the renunciation of prescription as to the Louisiana Patient's Compensation Fund ("LPCF"). The court reasoned that this

payment stipulated the physician's liability under La. R.S. 40:1299.44 (C)(5)(e),[7] and operated "as a declaration or promise" that the LPCF would pay any damages proved by the plaintiff." *Id*., 03-469, p. 4, 858 So. 2d at 854, citing *Lima*, 595 So. 2d at 631, for the principle that a "'promise' means a declaration which gives to the person to whom it is made the right to expect or claim the performance of a specified act." The *Lima* Court also defined "promise" as a "pledge to another to do or not to do something specified. . . ." *Id*., 595 So. 2d at 632 (citation omitted).

There are few cases involving the renunciation of prescription in the context of a workers' compensation claim. In *Neese v. Papa John's Pizza*, 10-15 (La. App. 5 Cir. 6/29/10), 44 So. 3d 321, a case on which Amentum relies, a workers' compensation insurer issued a check to an injured employee more than a year after its last payment of temporary total disability benefits (its position was that the check was sent in error). The claimant maintained that this payment amounted to a renunciation of prescription. In rejecting that argument and finding the employee ineligible for temporary total disability benefits, the court observed:

> There is no evidence in the record that [the workers' compensation insurer] or [employer] intended the January 2008 check to be a new promise to pay [temporary total disability] benefits or that [either] clearly and directly intended to renounce prescription. There is no language in the check that could be construed as a new promise to pay Mr. Neese on [the insurer's or employer's] part.

*Id*., 10-15, p. 12, 44 So. 3d at 329.

In the later case of *Coleman v. Ace Prop. & Cas. Ins. Co*., 19-305, p. 8 (La. App. 5 Cir. 11/27/19), 284 So. 3d 1262, 1269, three years after the claimant settled

---

[7] At the time, La. R.S. 40:1299.44(C)(5)(e) provided:

> In approving a settlement or determining the amount, if any, to be paid from the patient's compensation fund, *the trier of fact shall consider the liability of the health care provider as admitted* and established where the insurer has paid its policy limits of one hundred thousand dollars, or where the self-insured health care provider has paid one hundred thousand dollars.

(Emphasis added).

his workers' compensation claim and his last medical benefit was paid, the insurer issued a new prescription card. The court rejected the claimant's argument that this constituted the renunciation of prescription, finding it was not "a 'clear, direct, absolute renunciation of prescription." *Id*., 19-305, p. 10, 284 So. 3d at 1270. The evidence reflected the insurer sent the card in error, as it had been provided incorrect legal information as to the onset of the prescriptive period, and the card was canceled before the claimant was able to use it (notably, the claimant's prior prescription card had been rejected when he tried to use it shortly after the settlement). *See also*, *Queen v. W & W Clarklift, Inc*., 537 So. 2d 1214, 1216 (La. App. 4 Cir. 1989) ("Defendant could not form the intent to renounce prescription when it was not only unaware that prescription had accrued but was specifically led to believe that it had not by plaintiff's attorney. . . defendant's conduct can hardly be considered a new promise to pay the prescribed debt.").

The instant matter, however, presents a compelling case for concluding that prescription was renounced. This case does not involve an isolated payment of workers' compensation benefits after prescription accrued. Instead, more than *two years* after Mr. Johnson's work-related accident and injury occurred (and more than sixteen months after the prescriptive period tolled),[8] Amentum initiated payments of temporary total disability benefits and continued to pay Mr. Johnson benefits on a weekly basis for approximately *two years*. We find these weekly payments clearly and directly evidence a promise to pay Mr. Johnson. Undoubtedly, these circumstances invoke the "presumption that the advantages of prescription have been abandoned," per Article 3450.

---

[8] Prior to that time, Mr. Johnson could not have filed a disputed claim for workers' compensation benefits as he continued to receive his salary in full for two years after the accident, suffering no loss of wages.

We are not persuaded by Amentum's argument that our decision in *Gary v. Camden Fire Ins. Co.*, 96-0055 (La. 7/2/96), 676 So. 2d 553, supports its position that the "voluntary payment of workers' compensation benefits" does not interrupt prescription. As we have already found, there is no question that Mr. Johnson's claim for benefits prescribed and no facts suggest that prescription was interrupted. While the *Gary* Court acknowledged that voluntary payments of benefits neither constitute an admission of liability (consistent with La. R.S. 23:1204) nor interrupt prescription under La. C.C. art. 3464,[9] the issue in *Gary* was whether these payments interrupted prescription *as to a third party tortfeasor* who injured the plaintiff in a car accident. The Court held that they did not. Notably, the plaintiff in *Gary* began receiving workers' compensation benefits well within the one-year prescription period, and, in a proper construction of the LWCL, the Court observed that, where benefits have been paid to an employee, "Section 1209A further provides that the time limit for filing a claim for benefits does not expire until one year after the last payment." *Id.*, 96-0055, p. 6, 676 So. 2d at 557.

Unlike the instant case, *Gary* did not involve an employer initiating voluntary payment of benefits *after* a workers' compensation claim prescribed. And, unlike *Gary*, the present issue concerns the renunciation, rather than the interruption, of prescription.[10]

Nor do we agree with Amentum that the language of La. R.S. 23:1209 A (1), indicating a claim for workers' compensation is "forever barred" unless either a formal claim is (timely) filed or the parties agree to future payments to be made

---

[9] Article 3464 states: "Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe."

[10] Amentum's reliance on *Migliori v. Willows Apartments*, 99-2784 (La. App. 4 Cir. 5/31/00), 765 So. 2d 435, is misplaced. The issue there, too, concerned whether the payments of workers' compensation benefits and medical expenses interrupted prescription against third parties. The court found *Gary* to be indistinguishable and followed *Gary* to find that the payments did not interrupt prescription against third-party tortfeasors.

precludes the application of principles of renunciation, or that the legislature intended "to preclude renunciation in the context of workers' compensation."

First, generally, any claim not timely filed is prescribed and "forever barred." More importantly, our jurisprudence indicates that the periods set forth in the LWCL are prescriptive and not peremptive. *See*, *Smith v. Fruehauf Trailer Operations*, 27,864, p. 5 (La. App. 2 Cir. 1/24/96), 666 So. 2d 1246, 1250; *see also*, *Krieg v. Krieg Bros. Terrazzo Co., Inc.*, 93-1065, p. 3 (La. App. 3 Cir. 9/28/94), 645 So. 2d 661, 663 (citing *Lester v. Rebel Crane & Servs. Co.*, 393 So. 2d 674 (La.1981)) ("The time period established by [La. R.S. 23:]1209(A) is prescriptive, rather than peremptive."). Our case law makes clear that, unlike peremptive periods, prescriptive periods can be suspended and interrupted. *Scott v. Walmart Stores, Inc.*, 03-0104, p. 6 (La. App. 4 Cir. 7/2/03), 851 So. 2d 1210, 1214 ("As with any prescriptive period, prescription on workers' compensation claims may be interrupted or suspended."); *see also*, *Krieg*, 93-1065, p. 3, 645 So. 2d at 664; *Smith*, 27,864, p. 5, 666 So. 2d at 1250. Likewise, whereas peremption cannot be renounced (*See Borel v. Young*, 07-0419, p. 8 (La. 11/27/07), 989 So. 2d 42, 48), the Civil Code expressly permits the renunciation of prescriptive periods under La. C.C. art. 3449.[11] It follows, therefore, that the prescriptive periods set forth in the LWCL may be renounced.

Second, the LWCL does not expressly state that the principle of renunciation is inapplicable in in workers' compensation matters. Indeed, as noted herein, several cases have addressed renunciation generally (even those cited by Amentum). Other cases have also applied civil code concepts to workers' compensation matters. *See*, *e.g.*, *Trahan v. Coca Cola Bottling Co. United, Inc.*, 04-0100, p. 12 (La. 3/2/05), 894

---

[11] *See* La. C.C. art. 3461 ("Except as otherwise provided by law, peremption may not be renounced, interrupted, or suspended."); *Ebinger v. Venus Const. Corp.*, 10-2516, p. 9 (La. 7/1/11), 65 So. 3d 1279, 1286 ("Peremption differs from prescription in two respects: (1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of a peremptive time period.").

So. 2d 1096, 1104 ("there is no . . . prohibition from applying the provisions of La. C.C. art. 3071 (defining a 'transaction or compromise') to the instant [workers' compensation] case" to determine whether an agreement was a valid compromise/settlement agreement); *cf.*, *Bracken v. Payne & Keller Co., Inc.*, 15-1760, pp. 6-8 (La. App. 1 Cir. 8/10/16), 199 So. 3d 1164, 1168-69 and *Duncan v. Pesnell*, 219 So. 2d 846, 848 (La. App. 2 Cir. 1969) (applying Louisiana Code of Civil Procedure articles on nullity of actions in workers' compensation cases; the LWCL contains no provisions for nullifying judgments).[12]

Last, we find no merit in Amentum's argument that, because the LWCL in La. R.S. 23:1204 states the payment of benefits is not an admission of liability, payments of benefits after a claim has prescribed cannot constitute the tacit renunciation of the accrued prescription. This statutory provision simply ensures employers and workers' compensation insurers can voluntarily pay benefits without waiving any defenses or admitting liability. One may renounce prescription yet still deny liability.

In *Snelling Pers. Servs. v. Duhon*, 00-661, p. 4 (La. App. 3 Cir. 11/2/00), 772 So. 2d 350, 352, the court of appeal recognized that La. R.S. 23:1204 "encourages voluntary payments by reassuring the employer that voluntary payments do not constitute an admission of liability" and "fosters the humane policies underlying the workers' compensation statutory framework by encouraging voluntarily payments to a legitimately injured employee." This interpretation supports both public policy

---

[12] We further find no merit to Amentum's argument that it "cannot be said to have renounced the rights obtained through the accrued prescription," as "[t]here is no evidence in the record that Amentum (1) knew Mr. Johnson's claims were already prescribed and (2) despite this made declaration and new promise to pay – clearly and directly intending to renounce prescription."

We have already determined that Amentum's actions constituted the renunciation of prescription. Although Amentum asserts it was unaware that Mr. Johnson's claims were prescribed, given that Amentum was Mr. Johnson's employer and paid his salary, it unquestionably knew, or should have known, that no claim was filed by Mr. Johnson during the relevant time period–one year from the date of Mr. Johnson's accident–and thus, that his claim had prescribed.

16

and judicial efficiency, ensuring employers are not discouraged from making voluntary workers' compensation payments for fear of legal consequences.

Based on the foregoing, we hold that an employer or insurer's initiation of regular and consistent workers' compensation payments to an injured employee after the prescriptive period has tolled indicates an abandonment of the defense of prescription and constitutes a tacit renunciation of prescription. The OWC judge in this case properly denied Amentum's exception of prescription.[13]

## DECREE

The ruling of the Office of Worker' Compensation denying the exception of prescription is affirmed. We remand this matter for further proceedings.

**AFFIRMED AND REMANDED.**

---

[13] Of course, Amentum may still pursue in the OWC other defenses available to it, including those raised in its March 28, 2024 notice of controversion of compensation form.